TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BESHAI (Cal. Bar No. 308030)
Assistant United States Attorney
     UNITED STATES ATTORNEY'S OFFICE
     411 W. Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3541
     Facsimile: (714) 338-3708
     E-Mail: andrew.beshai2@usdoj.gov

Attorneys for Respondent
United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JESUS ERIC CARASCO,<br><br>         Petitioner,<br><br>         v.<br><br>United States of America,<br><br>         Respondent. | Nos. 8:19-CR-169-JVS<br>        8:22-CV-755-JVS<br><br>GOVERNMENT'S OPPOSITION TO <u>PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255</u> |

Respondent, United States of America, by and through counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Andrew Beshai, hereby files this Opposition to petitioner Jesus Eric Carasco's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 26, 2022         Respectfully submitted,

                              TRACY L. WILKISON
                              United States Attorney

                              SCOTT M. GARRINGER
                              Assistant United States Attorney
                              Chief, Criminal Division


                                    /s/ *Andrew Beshai*
                              ANDREW BESHAI
                              Assistant United States Attorney

                              Attorneys for Respondent
                              United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Petitioner is currently serving a 360-month sentence imposed by this Court.  (Dkt. 116.)[1]  Prior to filing his habeas petition, petitioner appealed his conviction to the Ninth Circuit, where his appeal is currently pending.  (Dkt. 118.)  In his habeas petition, defendant argues that the government violated its Brady obligations by withholding exculpatory evidence and that officers falsified a search warrant during the investigation.  (Dkt. 130.)  The Court should dismiss this petition because this Court lacks jurisdiction in light of the pending appeal.  Alternatively, the Court should deny this petition because defendant's claims have no merit.

**II.   BACKGROUND AND PROCEDURAL HISTORY**

On October 14, 2021, a jury found petitioner Jesus Eric Carasco ("defendant") guilty of possessing heroin with intent to distribute, possessing cocaine with intent to distribute, and possessing a firearm in furtherance of a drug trafficking crime.  (Dkt. 95.)  On February 27, 2022, this Court sentenced petitioner to a term of 360 months' imprisonment.  (Dkt. 116.)  On March 3, 2022, petitioner filed a notice of appeal.  (Dkt. 118.)  Petitioner's appeal is currently pending before the Ninth Circuit in case no. 22-50038.  On April 4, 2022, petitioner filed a motion to vacate under § 2255.  (Dkt. 130.)

Respondent now moves to oppose the petition.

**III. ARGUMENT**

In the instant petition, defendant contends that the government withheld exculpatory evidence by failing to turn over a forensic

---

[1] All docket references are to criminal case 8:19-CR-169-JVS.

1

analysis of petitioner's cell phones.  He also contends that officers falsified the search warrant used to search his residence.  The Court lacks jurisdiction to address these arguments because petitioner has an appeal currently pending before the Ninth Circuit.  Assuming the Court reaches the merits, petitioner fails for the reasons set forth below.

### A. This Court Lacks Jurisdiction to Consider the Petition Because of Petitioner's Pending Appeal

"A district court <u>should not</u> entertain a habeas corpus petition while there is an appeal pending in [the Ninth Circuit] or in the Supreme Court."  <u>Feldman v. Henman</u>, 815 F.2d 1318, 1320 (9th Cir. 1987) (emphasis in original); <u>United States v. Deeb</u>, 944 F.2d 545, 548 (9th Cir. 1991) (holding that district court did not err by denying a habeas petition "pending resolution of [petitioner's] direct appeal").

Here, petitioner filed a habeas petition just one month after he filed his notice of appeal.  Petitioner's direct appeal is still pending with the Ninth Circuit, and this court should dismiss this petition for lack of jurisdiction.

### B. Defendant's Claims Lack Merit

Assuming this Court decides that it has jurisdiction to entertain the petition, it should deny the petition because petitioner's arguments fail on the merits.  Petitioner advances two claims in support of his habeas petition.  First, he contends that the government committed a <u>Brady</u> violation by withholding the forensic analysis of his cell phones.  Second, he alleges that the search warrants used to search his apartment were inauthentic.  Both arguments utterly lack merit.

### 1. Petitioner's Brady Claim Fails Because He Has Not Pointed to Exculpatory or Impeaching Evidence in the Government's Possession

Petitioner argues that the government withheld forensic analysis of his cell phones in violation of Brady. (Dkt. 130 at 10:7-11.)

"To prevail on a Brady claim, a defendant must prove that '[1] The evidence at issue [is] favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence [was] suppressed by the State, either willfully or inadvertently; and [3] prejudice ... ensued.'" Woods v. Sinclair, 764 F.3d 1109, 1127 (9th Cir. 2014). Prejudice is established by showing that "there is a reasonable probability that the result of the trial would have been different if the suppressed [evidence] had been disclosed to the defense." Id.

Petitioner's argument fails. For starters, the government never conducted forensic analysis of petitioner's cell phones; therefore, there was nothing to turn over or, for that matter, to withhold. The duty to disclose applies only to evidence in the government's possession that "a reasonable prosecutor would perceive at the time as being material and favorable to the defense." Woods, 764 F.3d at 1127. Here, there was no such evidence.

Even more fatal to petitioner's argument is that he cannot articulate how the evidence would be exculpatory or impeaching. Petitioner claims that a forensic analysis of his cell phone would reveal images of the money seized from his apartment and "prove it is more than the $5,573" that the officers noted in their report. (Dkt. 130 at 10:9-10.) It is unclear how images showing thousands of dollars in cash seized from petitioner's apartment would be

exculpatory. Moreover, at trial, petitioner cross-examined officers on this point and they conceded that they inadvertently noted a lower amount of cash in the report than the amount they actually seized from his residence. It is hard to see any prejudice, then, where petitioner confronted officers on this very issue and they admitted the mistake.

Petitioner also claims that a forensic analysis of his cell phone would reveal text messages between the victim who reported him and the police. (Id.) Again, petitioner fails to provide any detail as to what those text messages would show, rendering it impossible to determine if they are exculpatory or impeaching. Simply put, petitioner falls far short of showing a Brady violation.

        2.    Petitioner's Challenge to the Search Warrant Used to Search His Residence Fails

In his motion, petitioner argues that the government "knew or should have known the search warrants [used to search his residence] were not authentic." (Dkt. 130 at 10:12.) As best the government can tell, petitioner alleges that the search warrant is invalid because it failed to comply with procedural formalities. For instance, petitioner argues that the search warrant return took longer than the ten days required by law. (Id. at 3:10-11.)

To the extent this is intended to raise a Franks challenge, petitioner has already raised this identical issue prior to trial in his trial brief, and the government responded by arguing that defendant is not entitled to a Franks hearing. (Dkt. 57 at 10-13.) This Court correctly opted not to hold a Franks hearing because petitioner did not meet his burden. In fact, petitioner cross-

4

examined the officers freely and at length about these search warrant defects at trial.

Under Franks v. Delaware, 438 U.S. 154, 171-72 (1978) a defendant must meet five requirements in order to obtain a hearing on alleged false statements or omissions in an affidavit: (1) he must allege specifically which portions of the affidavit are allegedly false or misleading due to omissions; (2) he must contend that the false statements or omissions were deliberately or recklessly made; (3) he must present a detailed offer of proof, including affidavits, to support his allegations; (4) he must challenge only the veracity of the affiant (and not an informant); and (5) the challenged statements must be necessary to find probable cause. United States v. Perdomo, 800 F.2d 916, 920 (9th Cir. 1986).

Petitioner fails this test. For starters, he does not specify which portions of the affidavit are allegedly false or misleading. Moreover, he makes conclusory accusations that officers falsified the search warrants, but he does not present a shred of evidence in support of these accusations. And finally, it is impossible for this Court to determine whether any allegedly false statements were necessary to a finding of probable cause because petitioner does not specify a single allegedly false statement in the search warrant. Instead, he argues that officers failed to follow procedural formalities in connection with the search warrant. This is simply not enough for a Franks hearing.

**C. This Court Should Deny Any Request for a Certificate of Appelability**

As discussed above, none of petitioner's claims have merit. Nor has petitioner "made a substantial showing of the denial of a

5

constitutional right" as to any of these issues, which is required if defendant is to obtain a certificate of appealability ("COA") in order to appeal this court's ruling.  <u>See</u> 28 U.S.C. §§ 2253(c)(2), (c)(3).  The government therefore requests that this Court deny any request for a COA.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny petitioner's § 2255 petition.

Dated: April 26, 2022           Respectfully submitted,

                                TRACY L. WILKISON
                                United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division


                                    /s/ *Andrew Beshai*
                                ANDREW BESHAI
                                Assistant United States Attorney

                                Attorneys for Respondent
                                United States of America

6

**DECLARATION OF GAETANO NICASSIO**

I, Gaetano Nicasso, declare and state as follows:

1. I am a Deputy with the San Bernardino Sherriff's Office. I make this declaration in support of the government's opposition to petitioner Jesus Eric Carasco's ("petitioner") petition for writ of habeas corpus.

2. I was the lead agent in the investigation of petitioner, and I participated in the execution of the search warrant at petitioner's residence. In addition to seizing narcotics and firearms at petitioner's residence, my fellow officers and I also seized phones belonging to petitioner.

3. None of the phones seized from petitioner's residence was forensically analyzed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Santa Ana, California, on April 25, 2022.

                                          /s/
                                GAETANO NICASSIO