1　JESUS ERIC CARASCO, PRO SE

2　Register No.: 26019-112

3　Metropolitan Detention Center

4　80 29th Street

5　Brooklyn, NY 11232

6

7　　　　　　　　UNITED STATES DISTRICT COURT

8

9　　　　　　FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

12　UNITED STATES OF AMERICA,　|　CASE NO.:  8:19-CR-00169-JVS

13　　　　　　　　　　　　　　　|

14　　　　　　　Plaintiff,　　　|　***HENTHORN* MOTION**

15　　　　　　　　　　　　　　　|

16　　　Vs.　　　　　　　　　　|

17　　　　　　　　　　　　　　　|

18　JESUS ERIC CARASCO,　　　　|

19　　　　　　　　　　　　　　　|

20　　　　　　　Defendant　　　 |

21　_____

22

23　　　　　　　　　　　**BACKGROUND**

24

25　　　　Mr. Carasco was arrested on April 15th, 2019 by officers from the San

26　Bernardino Sheriff's Department Special Enforcement Division (SWAT) ('SBSD')

27　who were cross-sworn with the United States Marshals.  He was convicted in

28　October 2021 based primarily on evidence seized by those officers, and testimony

29　of those officers at trial.

30　　　　Under *United States v. Henthorn* (931 F.2d 29 9th Cir. 1991) and *United*

31　*States v. Cadet* (727 F.2d 1453 9th cir. 1984), a prosecutor has an obligation to

1  examine personnel files of investigating agents who testify at trial which are in the

2  possession of a federal agency, and produce any potential *Brady* information

3  within them; or to alternatively produce the entirety of the files for *in-camera*

4  review.  While the Government has no obligation to review personnel files

5  possessed by state agencies, it *is* obligated "to examine the personnel files of

6  federal law enforcement witnesses" (*US vs. Dominguez-Villa,* 954 F.2d 562, 566

7  9th Cir. 1992).

8  **ARGUMENT**

9  Under *Henthorn*, the prosecution's obligations extend to files of officers

10 acting in a federal capacity.

11 The arresting SBSD officers were acting as cross-sworn federal US

12 Marshals during their arrest of Mr. Carasco.  Dep. Nicassio confirmed this under

13 oath at trial, stating that the team was "cross-sworn with the United States

14 Marshals" (Dkt 154 at 109), and Lt. Smith confirmed it verbally during the arrest,

15 stating that they were "assigned to also the Marshals" (CARASCO_00232, at 9:30-

16 9:35).  Furthermore, when purportedly applying for a GPS search warrant, Dep.

17 Nicassio of the SBSD wrote that they were acting as "Deputy U.S. Marshals" with

18 the "USMS Southwest Region" (Dkt 189 at 19-20).

19 And many of the SBSD officers involved in Mr. Carasco's arrest—including

20 Lt. Joshua Smith (A7276), Dep. Gaetano Nicassio (D9599), Det. Eric Rose

21 (E7442), Det. Eugean Mondragon (D3391), and Dep. Amir Awad (F3069)—were

22 also prosecution witnesses at trial; in fact they the SBSD officers were the *only*

23 government witnesses.

24 SBSD Internal Affairs has already sustained findings of misconduct against

25 the officers in their arrest of Mr. Carasco (see Exhibit C), and in fact many of the

26 officers, including Dep. Nicassio, Lt. Smith, and Dep. Pollick were fired in 2022,

1  after Mr. Carasco's trial; thus, there is strong reason to believe that the evidence

2  contained within the US Marshals' personnel files on the SBSD officers would

3  impeach not just the officers' testimony, but the entire case against Mr. Carasco.

4  However, the defense has only received "limited" information about the Internal

5  Affairs investigation because "California law restricts [Internal Affairs'] ability to

6  disclose specific details… to the public" (Exhibit C), despite numerous *Brady*

7  requests both before and after trial (Dkt 190 at 1-2).

8       Prior to trial, the defense requested that the government produce "all

9  personnel files of all law enforcement witnesses whom the government intends to

10  call at trial. *United States v. Henthorn.*" (Exhibit A.)  The prosecution responded

11  simply that "We have complied and will continue to comply with our Henthorn

12  obligations.  If need be, we will submit files to the court for in camera inspection."

13  (Exhibit B.)  However, the Government never followed up on their *Henthorn*

14  obligations—there is no evidence that they ever actually inspected the officers'

15  personnel files, and they certainly did not present them for *in-camera* review,

16  therefore constituting error as in *Henthorn*.  As such, the only remedy left to the

17  defense is to request this Court to inspect those files.

18       Those files should have been produced prior to trial, when the defense

19  requested them.  The prejudice continues to this day; the material is important to

20  his ongoing and potential future Rule 33 motions, which may become time barred

21  in October 2024, as it relates to the heart of the new evidence received by the

22  defense post-trial (see the Internal Affairs response, Exhibit C).  The US Marshals'

23  personnel files on the cross-designated SBSD officers would substantiate the

24  officers' misconduct, not only severely impeaching the credibility of their

25  testimony but directly impeaching the entirety of the case against Mr. Carasco.  As

26  such, the District Court should review the files *in-camera* to determine their

1    importance for the ongoing Rule 33 motion, which is pending a ruling by this

2    Court (see Dkt 184, 188), and to correct the error.

3                              **REQUESTED RELIEF**

4

5          As such, the defense requests that this Court order the Government to turn

6    over all personnel files in the possession of the US Marshals related to the SBSD

7    officers for *in-camera* review by the District Court.

8

9                                                    Respectfully submitted,

10                                                   /s/ Jesus Eric Carasco, Pro-Se

# Exhibit A

8:22-cv-00755-JVS Dkt 3 at 19 #5

LAW OFFICES OF
# JOHN W. BARTON

23 Corporate Plaza, Suite 150
Newport Beach, California 92660
www.jbartonlaw.com

Tel: (949) 222-1199
Fax: (949) 608-7034
john@jbartonlaw.com

### Discovery Request

To:        AUSA Daniel Ahn

From:      John W. Barton

Case:      *United States v. Carasco*
           SA-CR-19-00169-JVS

Defendant: Jesus Carasco

Date:      April 23, 2020

Under Rule 16 of the Federal Rules of Criminal Procedure, and other statutes and case law, in particular, *Brady*, *Giglio*, and *Jencks* (18 U.S.C. § 3500), please provide:

1.    Notice of all evidence the government intends to use to which the defendant may be entitled to discover under Rule 16. Fed.R.Crim.Pro. 12(d)(2).

2.    All written or recorded statements of Defendant, to whomever and whenever made, and the substance of any oral statement, if not embodied in writing. If the statements are recorded, please provide a transcript and audible copy of each recording. See *United States v. Bailleaux*, 685 F.2d 1105, 1113-14 (9th Cir. 1982).

3.    All agents' rough notes of all statements referred to above. I further request those notes be preserved. See *United States v. Harris*, 543 F.2d 1247, 1250-53 (9th Cir. 1976).

4.    The names, employment and present assignment of all law enforcement personnel involved in the investigation and arrest(s) in this case and reports submitted by them.

5.    For in camera review by the district court, all personnel files of all law enforcement witnesses whom the government intends to call at trial. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984).

6.    Defendant's arrest and conviction record, if any.

7.    The description of any prior conviction of Defendant, any "prior similar act" or any other evidence covered by Fed. R. Evid. 609 or 404(b) you may seek to introduce at trial and the theory of its admission.

Exhibit E1

Case 8:19-cr-00169-JVS    Document 197    Filed 08/19/24    Page 7 of 23    Page ID
#:2053
Case 8:22-cv-00755-JVS    Document 3    Filed 04/04/22    Page 20 of 42    Page ID #:33

LAW OFFICES OF
JOHN W. BARTON

AUSA AHN
APRIL 23, 2020
PAGE 2

8.  Any evidence that someone other than Defendant committed the crimes charged. *Bowen v. Maynard*, 799 F.2d 593 (10th Cir.), cert. denied, 107 S.Ct. 458 (1986), *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978). Please produce all "offense reports and any other written statements dealing with this case." *Sellers v. Estelle*, 651 F.2d 1074, 1077 (5th Cir. 1981).

9.  Any evidence, including any statements by any person, exculpating Defendant, in whole or in part. *United States v. Srulowitz*, 785 F.2d 382, 387-88 (2nd Cir. 1988).

10.  The name of any witnesses who made an arguably favorable statement concerning Defendant or who could not identify him or who was unsure of his identity or participation in the crime charged. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978).

11.  Copies of any documents or other exhibits intended to be introduced at trial by the government.

12.  Any scientific analysis conducted in the case including but not limited to fingerprint, fiber, or other forensic tests, and the underlying data in any government test.

13.  The conclusions and findings of any expert witness you intend to call, whether or not he or she has prepared a written report. *United States v. Barrett*, 703 F.2d 1076 (9th Cir. 1983).

14.  Any photographs, photographic arrays, or video surveillance utilized to identify Defendant, and if they are in color, please provide color photocopies.

15.  The Grand Jury transcripts of all testifying government witnesses.

16.  The name and last known address of each prospective government witness. "Witnesses, particularly eyewitnesses, to a crime are the property of neither the prosecution nor the defense. Both sides have an equal right, and should have an equal opportunity, to interview them." *Gregory v. United States*, 369 F.2d 185, 188 (D.C. Cir. 1966), cited with approval in *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

17.  The name and last known address of every witness to the crime or crimes charged (or the overt acts committed in furtherance thereof) who will not be called as a government witness. *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

18.  Any identification statements/cards completed by any witnesses.

19.  The complete arrest and conviction record of each prospective government witness, reflecting all information within the possession, custody, or control of the government, both known or which may become known through due diligence, including but not limited to C.I.I. and F.B.I. rap sheets.

Exhibit E2

LAW OFFICES OF

JOHN W. BARTON

AUSA AHN
APRIL 23, 2020
PAGE 3

Please include the docket number and jurisdiction of all prior and pending cases regarding each prospective government witness. See *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

(20) Any evidence that any prospective government witness has ever made any false statement to the authorities, whether or not under oath or under penalty of perjury, or any evidence that such witness does not have a good reputation in the community for honesty. See *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); Rule 608(a), Federal Rules of Evidence.

(21) Any evidence that any prospective government witness, has ever made a false, contradictory, or inconsistent statement, or any statement showing bias or a motive to fabricate. *Pennsylvania v. Ritchie*, 107 S.Ct. 989 (1987); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988).

22. Any evidence that the testimony of any prospective government witness contravenes or contradicted by that of any other person or prospective witness. *Kyles v. Whiteley*, 115 S.Ct. 1555 (1995); *United States v. Hanna*, 55 F.3d 1456 (9th Cir. 1995).

23. All prior written, recorded, or oral statements of each prospective government witness relating to this case to whomever, and agents' rough draft notes of interviews with prospective government witnesses.

24. The name, address, and whereabouts of any cooperating witness or informant who provided information regarding the investigation of this case or whom may have information relevant and helpful to the defense. *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957).

25. All notes or other evidence of any communication between the government and all cooperating witnesses or their counsel—including materials relating to "proffer sessions" that occurred well before the date of any cooperation agreement or other report of those communications. This material includes any variations in witness' proposed testimony, from earlier statements made to authorities, and any information that reveals the nature of the negotiation process that led to any leniency agreement. *United States v. Sudikoff*, 36 F.Supp.2d 1196 (C.D.Ca. March 2, 1999) No. CR 97-1176-DDP.

26. Any discussion about or advice concerning any contemplated prosecution of any prospective government witness, or any possible plea bargain, even if no bargain was made, or the advice not followed. *Brown v. Dugger*, 831 F.2d 1547, 1555 (11th Cir. 1987) (Clark, J. concurring) (evidence that witness sought plea bargain is to be disclosed, even if no deal struck); *Haber v. Wainwright*, 756 F.2d 1520, 1524 (11th Cir. 1985).

27. Any express or implicit promise, understanding, offer of immunity or of past, present, or future compensation, or any other agreement or understanding between any prospective government witness (federal, state and local). This request includes any explicit or implicit understanding relating to criminal or civil income tax liability. *United States v. Shaffer*, 789 F.2d

Exhibit E3

LAW OFFICES OF
JOHN W. BARTON

AUSA Ahn
April 23, 2020
Page 4

682 (9th Cir. 1986). "The prosecutor is responsible for the nondisclosure of assurances made to his principal witnesses even if unknown to the prosecutor. Since the investigative officers are part of the prosecution, the taint on the trial is no less if they, rather that the prosecutor, were guilty of nondisclosure." *United States v. Butler,* 567 F.2d 885, 891 (9th Cir. 1978) (citation omitted).

28.    Under your obligation under *Brady v. Maryland* and *Giglio v. United States,* please provide the following additional discovery regarding any confidential informant, including the CS-1:

28.1 The name, last known address, and telephone number of the confidential informant or confidential source ("CI").

28.2 The CI's criminal record, including but not limited to reports of law enforcement agencies relating to his prior arrests and/or his participation in criminal activity.

28.3 The CI's prior statements (including handwritten notes) concerning his knowledge of persons engaged in narcotics trafficking that omit any reference to my client.

28.4 Records of payments, expense reimbursements, and all other benefits received by the CI by any federal, state or local government agency for his/her assistance in the investigation and prosecution of the instant case and all other criminal matters. If no such records exist or if existing records do not reflect all payments, expense reimbursements, and benefits, please provide a written summary of those payments, expense reimbursements, and other benefits received by the CI. This request for information regarding benefits received by the CI includes, but is not limited to, oral and written promises for favorable treatment in any past, present, or future criminal prosecution or civil or administrative manner; provision of any goods or services; and/or provisions or promises for more favorable conditions of confinement.

28.5 Contracts, agreements, and letters/memoranda of understanding between the CI and any agency of the United States government or any other state or local law enforcement agency.

28.6 The name, case number, and jurisdiction of all other judicial proceedings in which the CI has been utilized as an informant and/or testified.

28.7 Records of polygraph examinations and/or refusals to submit to polygraph examinations by the CI.

28.8 Records (including handwritten notes) which indicate that the CI has provided untruthful or misleading information or testimony for this case or any other case to any state or federal law enforcement agency, state or federal grand jury, or state or federal court.

28.9 Notice of all wiretaps, searches, and seizures of telephones, persons, or places that occurred during any phase of this case. Please provide the date and location of the wiretaps and

Exhibit E4

LAW OFFICES OF
JOHN W. BARTON

AUSA AHN
APRIL 23, 2020
PAGE 5

searches and a list of the items seized. If a warrant or wiretap authorization was obtained, please provide a copy, and any affidavits submitted in support of the application for the warrant or wiretap and any search inventory or warrant returns. Also, provide arrest warrants and accompanying affidavits, if any.

29.   Any information that the government intends to use as part of any sentencing procedures, including adjustments and departures.

Regarding the above materials, please inquire of each government agent connected to the case. *United States v. Bailleaux*, 685 F.2d 1105, 1113 (9th Cir. 1982). *Brady* material is in the possession of the government even when held by another agency involved in the investigation. *United States v. Wood*, 57 F.3d 733 (9th Cir. 1995); *United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995). If you decline to disclose any of the above, or if you have doubts as to the propriety of disclosure, the proper course is to submit the materials to the court for its review. *United States v. Lehman*, 756 F.2d 725, 729 (9th Cir. 1985).

Thank you for your early and speedy cooperation. Again, please provide the materials requested above as soon as possible. Please consider this discovery request to be continuing.

Sincerely,

*John Barton*

John W. Barton

JWB: jt



Exhibit E5

# Exhibit B

8:22-cv-00755-JVS Dkt 3 at 31



## United States Department of Justice

### United States Attorney's Office
### Central District of California

*AUSA Daniel H. Ahn*
*Phone: (714) 338-3539*
*E-mail: daniel.ahn@usdoj.gov*

*Ronald Reagan Federal Bldg. & U.S. Courthouse*
*411 West Fourth Street, Suite 8000*
*Santa Ana, California 92701*

June 25, 2020

**VIA E-MAIL**

John W. Barton
Law Offices of John W. Barton
23 Corporate Plaza, Suite 150
Newport Beach, California  92660
john@bartonlaw.com

      Re:    <u>United States v. Jesus Carasco</u>,
              No. SA CR 19-169-JVS

Dear John:

I write in response to your four discovery letters, addressing each letter in turn, and each item one-by-one.

<u>April 23, 2020 Letter</u>

1. The government has produced such evidence and is in the process of producing additional such evidence.

2. The government has produced such evidence.  In addition, the government is in the process of obtaining audio relating to the use of force, and should be in a position to produce that audio shortly.

3. We will produce any such notes that exist.

4. This information is found in the produced reports, as well as reports that are forthcoming.

5. We have complied and will continue to comply with our Henthorn obligations.  If need be, we will submit files to the court for in camera inspection.

6. These have been produced.

7. Such evidence is found in the produced materials.  In addition, we expect to produce additional materials that may constitute inextricably intertwined or 404(b) evidence.

8. I am not aware of such evidence but will provide it if found.

9. I am not aware of such evidence but will provide it if found.

10. I am not aware of such evidence but will provide it if found.



June 25, 2020
Page 2

11. Such information is in the produced discovery and in the possession of the FBI. We may also use other evidence yet to be produced as we continue to comply with our discovery obligations.

12. Such evidence will be produced shortly.

13. We will comply with our expert disclosure responsibilities.

14. Such evidence has been produced, and additional such evidence will be produced shortly.

15. We will comply with our Jencks obligations.

16. Potential witnesses are identified in the discovery, as well as forthcoming discovery.

17. Potential witnesses are identified in the discovery, as well as forthcoming discovery.

18. We are working to see whether any such evidence exists.

19. We will comply with our Giglio obligations.

20. We will comply with our Giglio obligations.

21. We will comply with our Giglio obligations.

22. We will comply with our Giglio obligations.

23. Such materials has been produced and additional such material will be produced shortly.

24. Such individual(s) has/have been identified in the discovery.

25. We are not aware of such evidence beyond what is referenced in the produced discovery.

26. We are not aware of such evidence.

27. We are not aware of such evidence.

28. We are not aware of any informants being used in this case against defendant.

29. Such information is reflected in the discovery, and in such additional discovery that is forthcoming.

June 2, 2020 Letter

1. We believe that we have produced all colored pictures in our possession. If you'd like to view the evidence in person, please let me know.

2. We believe that we have produced all pictures that were taken. No search was conducted on, or forensic image was taken of, the phones.

3. We believe that we have produced all colored pictures in our possession. If you'd like to view the evidence in person, please let me know.

4. The recording was inadvertently deleted.

5. We believe that we have produced all photographs in our possession. If you'd like to view the evidence in person, please let me know.

6. We believe that we have produced all colored pictures in our possession. If you'd like to view the evidence in person, please let me know.

Exhibit E 14

June 25, 2020
Page 3

7. We expect to produce additional discovery shortly that will include the requested information.

8. I believe that the judge was the Honorable Lisa Rogan, Victorville Superior Court. We are checking whether there is documentary evidence establishing the time that the warrant was issued.

9. We are checking to see whether we have or are able to obtain the requested material.

10. We expect to produce additional discovery shortly that will be responsive to this request.

11. We expect to produce additional discovery shortly that will be responsive to this request.

12. We did not search or forensically image defendant's phone.

13. We will produce this information shortly.

14. We expect to produce additional discovery shortly that will be responsive to this request.

15. We expect to produce additional discovery shortly that will be responsive to this request; however, I understand that defendant's phone was not searched or forensically imaged.

16. We expect to produce such information shortly.

17. No interstate-nexus analysis was conducted on the gun.

18. We plan to conduct a test of the gun and will produce the resulting report when it is completed.

June 7, 2020 Letter

1. We are currently checking whether there is any documentary evidence reflecting the time of the warrant's issuance.

2. There is no body-worn camera footage, as I understand that that is not a requirement of the SWAT team that conducted the operation. We do, however, expect to receive audio relating to the use of force, and will produce that recording once received.

3. Josh Smith was the supervisor who reviewed the warrant.

4. Not applicable, as the SWAT team itself conducted the operation.

5. The supervisor was Josh Smith.

6. We are checking whether a copy of the operation plan is available.

7. We are checking whether such notes exist.

8. Not applicable, per the response to item 4.

9. We have produced discovery responsive to this request, and will continue to produce discovery consistent with our discovery obligations.

10. The supplemental reports you note will be produced shortly.


Exhibit E15

June 25, 2020
Page 4

June 8, 2020 Letter

Please note that we will be producing supplemental reports shortly.  We will also be producing information relating to the use of force, as well as photographs.

* * *

Please let me know if you have any questions, or would like to further discuss any of the matters raised above.

Very truly yours,

/s/ Daniel H. Ahn

DANIEL H. AHN
Assistant United States Attorney

Exhibit E 16

# Exhibit C

**Dkt 190 at 9-10**

**Dkt 184 at 34-35**

## ATT: INTERNAL AFFAIRS OF SAN BERNARDINO SHERIFF DEPARTMENT

**From:** Carasco, Jesus- Booking number # 2100001251
Santa Ana City Jail
PO BOX 2203
Santa Ana, CA 92702

September 5th, 2021
**To**: Sergeant Lopez
From: Jesus Carasco
Re: Case No: 611900025

Dear Mr. Lopez

Please find enclosed documents that were provided by deputy Gaetano Nicassio #D9599 to the AUSA Andrew Beshai regarding P.E.T.S. Deputy was asked by federal prosecutor to produce chain of custody for evidence that was confiscated, specifically drugs, money, and gun. These documents look fabricated. Please if possible look into them they don't match up with other ones that were produced by Highland Sheriff Department. Smells and looks fishy.....

Respectfully

Jesus Carasco

Exihibit J1



SHANNON D. DICUS, SHERIFF-CORONER



October 11, 2021

Jesus Carasco
Booking 2100001251
P.O. Box 2203
Santa Ana, CA 92702

Dear Mr. Carasco,

Your Civilian Complaint dated September 5, 2021, has been received by the San
Bernardino County Sheriff's Department Internal Affairs Division. Your
complaint is currently being investigated. After reviewing your letter, I cannot
identify any new allegations that the Sheriff's Department is not already
investigating.

If you believe a Sheriff's Department employee has committed some form of
misconduct that has not been previously investigated, please contact me to discuss
those issues with you.

If you have additional information, contact me at the Internal Affairs Division at
(909) 387-3726.

Sincerely,

**SHANNON D. DICUS, SHERIFF-CORONER**

By: Larry Lopez, Sergeant
Internal Affairs Division

SDD:ll

Exhibit J2

Case 8:19-cr-00169-JVS    Document 197    Filed 08/19/24    Page 19 of 23    Page ID
#:2065
Case 8:19-cr-00169-JVS    Document 184    Filed 01/17/24    Page 54 of 81    Page ID #:1811

SAN BERNARDINO
**COUNTY**

JOHN McMAHON, SHERIFF-CORONER

July 27, 2022

Jesus Carasco Booking # 2000000309
C/O Santa Ana Jail
P.O. Box 22003
Santa Ana, CA 92701

Dear Mr. Carasco:

Thank you for bringing your concerns to our attention. The Department has
conducted a thorough investigation regarding your recent complaint and the
Bureau Deputy Chief has reviewed it. California law restricts our ability to
disclose specific details of personnel investigations. Due to such legal restrictions,
the Department is limited to providing members of the public with only the
following determinations specific to their matters.

The allegation addressed in the civilian complaint that Lieutenant Smith, Corporal
Rose, and Corporal Awad failed to ensure that you received a pre-booking medical
examination after the use of a less-lethal munition has been deemed **"Sustained."**

The allegation addressed in the civilian complaint that Lieutenant Smith and
Deputy Nicassio failed to ensure an operations plan was attached to Deputy Report
611900025 has been deemed **"Sustained."**

The allegation addressed in the civilian complaint that Corporal Rose failed to
collect expended Blunt Impact Projectile (BIP) rounds as evidence has been
deemed **"Sustained."**

The allegation addressed in the civilian complaint that Corporal Mondragon failed
to submit a copy of his audio belt recording into evidence has been deemed
**"Sustained."**

The allegation addressed in the civilian complaint that Corporal Awad failed to
document your injuries on your booking application has been deemed
**"Sustained."**

July 27, 2022
CARASCO, Jesus
Page 2

The allegation addressed in the civilian complaint that Deputy Pollick failed to complete and submit a search warrant return within 10 days has been deemed **"Sustained."**

The allegation addressed in the civilian complaint that Deputy Nicassio failed to submit his audio belt recording of your Miranda interview into evidence has been deemed **"Sustained."**

The allegation addressed in the civilian complaint that Deputy Nicassio used profanity during your arrest has been deemed **"Sustained."**

The allegation addressed in the civilian complaint that Deputy Nicassio failed to submit seized ammunition into evidence has been deemed **"Sustained."** This is defined as, "The investigation disclosed sufficient evidence to prove the truth of the allegation in the complaint by preponderance of the evidence."

Your allegation that Lieutenant Smith, Corporal Rose, Corporal Mondragon, Corporal Awad, Deputy Pollick, Deputy Duncan, and Deputy Nicassio stole approximately $5,000 from you has been **"Unfounded."** This is defined as, "The investigation clearly established that the allegation is not true."

Sincerely,

**SHANNON D. DICUS, SHERIFF-CORONER**

By: Michael Walker, Lieutenant
     Internal Affairs Division
     (909) 387-3726

**SDD:MW:rs**

909.884-0156

1          **CERTIFICATE OF SERVICE**

2          I, Jesus Eric Carasco, am an inmate at the Metropolitan Detention Center at

3   80 29th Street in Brooklyn, NY 11232.  I am the defendant, pro-se, in the instant

4   case.

5          I hereby certify that, on August /2, 2024, I caused filing with the Court the

6   foregoing *HENTHRON* MOTION; and I placed a sealed envelope for collection

7   and mailing via United States mail to the following:

8

9          Ronald Reagan Federal Building and United States Courthouse

10         411 W 4th Street Suite 8000, Santa Ana, CA 92701

11         AUSA Nandor Kiss;

12

13         and

14

15         Ronald Reagan Federal Building and United States Courthouse

16         411 W 4th Street #1053, Santa Ana, CA 92701

17         Honorable James V. Selna

18         Courtroom 10C

19

20         This certificate is executed on August /2 2024, in Brooklyn, NY.  I certify

21   under penalty of perjury that he foregoing is true and correct.

22

23                                              /s/ Jesus Eric Carasco

24

8



Jesus Eric Carasco Pro Se
Reg # 26014-112
Metropolitan Detention Center
80 29th Street
Brooklyn N.Y. 11232

RECEIVED
CLERK, U.S. DISTRICT COURT

AUG 19 2024

CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION    BY DEPUTY

To: Honorable James V. Selna

Ronald Reagan Federal Building And
United States Court House
411 West 4th Street #1053
Santa Ana, California 92701

Processing



METROPOLITAN DETENTION CENTER
80 29TH ST, BROOKLYN, NY 11232

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.