FILED

1   JESUS ERIC CARASCO, PRO SE
2   Register No.: 26019-112
3   Metropolitan Detention Center
4   80 29th Street
5   Brooklyn, NY 11232
6
7                   UNITED STATES DISTRICT COURT
8
9           FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
11

2024 SEP -6 PM 1:04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY:_____

12  UNITED STATES OF AMERICA,    |    CASE NO.:  8:19-CR-00169-JVS
13                               |
14              Plaintiff,       |    MOTION FOR AN ORDER
15                               |    AUTHORIZING SUBPOENAS
16      Vs.                      |
17                               |
18  JESUS ERIC CARASCO,          |
19                               |
20              Defendant        |
21  _____|
22
23
24
25
26
27
28
29
30
31
32
33
34
35

1

1                                 **Table of Contents**

2        **Contents**

3        Table of Contents ......................................................................................................... 2

4        Introduction ................................................................................................................. 3

5        SBSD Misconduct ........................................................................................................ 3

6        Search Warrants .......................................................................................................... 4

7            Lisa Rogan Search Warrant .................................................................................. 6

8            Debra Harris Search Warrant ............................................................................... 6

9        Prior Attempts ............................................................................................................. 8

10       Subpoena ..................................................................................................................... 9

11       *Nixon* Standard ......................................................................................................... 11

12       Conclusion ................................................................................................................. 12

13       Exhibits ...................................................................................................................... 13

14           Exhibit A (CPRA) ................................................................................................. 14

15           Exhibit B (IA) ....................................................................................................... 15

16           Exhibit C (Warrants) .......................................................................................... 16

17           Exhibit D (Subpoenas) ....................................................................................... 17

18

19

20

21

22

23

24

25

26

27

**Introduction**

1

2    Jesus Eric Carasco was arrested in a car structure outside the Gonzalez apartment

3    (where Mr. Carasco was a guest) on April 15th, 2019 by officers from the San

4    Bernardino Sheriff's Department (SBSD), and convicted on October 16th, 2021

5    based essentially entirely on evidence seized by the SBSD officers from the

6    apartment and trial testimony of those same officers.  Currently pending are Mr.

7    Carasco's direct appeal (*9th Circuit Court of Appeals Docket #: 22-50038*, 'DA'),

8    an ex-parte motion (Dkt 182), a Rule 33 motion (Dkt 184, 188), and various *Brady*

9    requests (Dkt 189, 190, 194, 196, 197).

**SBSD Misconduct**

10

11

12    The misconduct by the SBSD officers in *US v. Carasco* is extremely long.  The

13    officers fabricated search warrants (Exhibit C), and lied about them to the

14    prosecution, the management of the building the search was conducted in, internal

15    investigations, and ultimately the jury at trial; they misappropriated tens of

16    thousands of dollars worth of evidence (Dkt 194 at 2-5); they destroyed evidence

17    (e.g. cell phones seized in the raid; Dkt 194); they planted evidence (e.g. the Louis

18    Vuitton receipts); they shot Mr. Carasco with 'less-lethal' rounds and beat him

19    until he defecated and urinated on himself, and then omitted it from their reports;

20    and much more.  (See Dkt 184, 188.)

1  For their misconduct, the officers have been investigated by SBSD Internal Affairs,

2  which sustained a litany of findings against them (Exhibit B); investigated by the

3  Fullerton Police Department Investigations Bureau (led by TFO Mike Greene)

4  (Dkt 190 at 15); and three of them (Lt. Joshua Smith, Det. Gaetano Nicassio, and

5  Dep. Andrew Pollick, the affiant of the search warrants) were ultimately fired from

6  SBSD (Dkt 190).

7  And those same SBSD officers were the Government's primary witnesses at trial.

8  The results of the investigation by Internal Affairs into them would undermine the

9  conviction, impeach the entire case against Mr. Carasco, and exonerate him.

10                                    **Search Warrants**
11

12  In the course of investigating and arresting Mr. Carasco, the SBSD officers

13  fabricated multiple search warrants.  This is not mere speculation; indeed, the

14  purported 'search warrants' are invalid on their face.  For instance, in June 2020

15  the defense was presented a nine-page document purporting to be a search warrant

16  (Dkt 182 at 14-22).  This purported warrant includes:

17      1) A warrant signed by Judge Debra Harris in June 2020, with no mention of

18         the case, target, address, or probable cause (Bates 138, Exhibit C)

4

County of San Bernardino.

The people of the State of California to any peace officer in the County of San Bernardino:

Proof, by affidavit, having been this day made before me by telephone by the officer whose signature that there is probable cause for believing that evidence tending to show that a felony (or felonies) has you are therefore commanded to make search on the person and/or property set forth in the descriptio which is incorporated by reference herein, and, in the case of a thing or things or personal property, if part thereof, to bring the thing or things or personal property forthwith before me at the courthouse of t

Given under my hand, and issued at 09:14 on this 11th day of June, 2020

Hobbs Sealing Approved:  **NO**                    Night Service Approved:    **NO**

*Harris*

Judge Debra  Harris

**Warrant ID: 000038580**

**END OF WARRANT**

2) A document purporting to be a statement of probable cause—but dated

fourteen months *earlier*, in April 2019, and purportedly signed by an entirely

different judge: Lisa Rogan (Bates 140)

**FOR THE FOLLOWING PROPERTY:**

The apartment including but not limited too; any firearms and or any illegal weapons, ammunition, of any kind within the apartment including any safes, vaults, or any other locked containers located apartment.

The vehicle including but not limited too;  firearms and or any illegal weapons, ammunition, narcoti kind within the vehicle including any safes, vaults, or any other locked containers located inside the

**AND TO SEIZE IT IF FOUND** and bring it before me, or this court, at the courthouse of this court. Thi incorporated Affidavit was sworn to and subscribed before me this 15th day of April, 2019. When cause for the issuance of this Search Warrant it can issue it.

_____                          , **NIGHT SEARCH APPROVED:** ☐
        (Signature of Magistrate)
Judge of the Superior Court, High Desert Judicial District

1
2                                    **Lisa Rogan Search Warrant**

3    The SBSD officers arrested Mr. Carasco on April 15th, 2019 and seized items,

4    purportedly using a search warrant issued by Judge Lisa Rogan that same day (Dkt

5    182 at 8-12).  However, this purported "search warrant" was never actually issued,

6    as is clear from the lack of warrant number, warrant ID number, or anything

7    comporting with CA Penal Code Section 1529; nor is there a transcript of issuance

8    per CA Penal Code Section 1526.  This was confirmed by the Victorville Court

9    purported to have issued it: "no San Bernardino Count[y] Clerk's office has the

10   original warrant on file" (Dkt 184 at 29 #6, 184 at 31 #6; DA (#: 22-50038) ER

11   1442 lines 1-24); and further corroborated when TFO Mike Greene interviewed

12   Judge Rogan and confirmed that she had "no memory of signing the search

13   warrant" (Dkt 188 at 13-14).

14   On June 9th, 2020, the Court was alerted by defense attorney John Barton that "the

15   warrant was issued out of the Victorville courthouse... when we went to go get it,

16   they told us it didn't exist" (DA (#: 22-50038) ER 1442 lines 17-20).

17                                   **Debra Harris Search Warrant**
18
19   Perhaps the single most egregious and galling example of the officer's misconduct

20   comes in the missing statement of probable cause for the Debra Harris search

21   warrant.

6

1    On June 11th, 2020--Two days after the Government and Court were informed that

2    the purported Lisa Rogan search warrant "didn't exist"--the SBSD officers reached

3    out to the Victorville Court, asking for the issuance of a *new* search warrant (Dkt

4    189 at 8-10), attempting to retroactively justify their 2019 search more than one

5    year later.  Judge Debra Harris issued this new warrant around 9am.

6    Later that same day—June 11th, 2020—the SBSD officers sent a "search warrant

7    return" to the Victorville Court (Dkt 182 at 14-22), in response to a request from

8    the defense (Dkt 182 at 6).  This bizarre bundle of documents includes a search

9    warrant comporting with CA Penal Code 1529 issued by judge Debra Harris in

10    2020 (Dkt 182 at 17, Exhibit C).  But the "statement of probable cause" attached to

11    the 2020 return (Dkt 182 at 18-22) is just a copy of their *2019* document—filled

12    out fourteen months earlier for a search warrant that was never actually issued

13    under the name of an entirely different judge (Dkt 182 at 8-12)—except with the

14    warrant number and warrant ID number from the Debra Harris warrant grafted

15    onto it, rather than the actual statement of probable cause submitted in *2020* to

16    Debra Harris.

17    Perhaps this is not entirely shocking: as the Debra Harris warrant was issued

18    fourteen months *after* the search, the statement of probable cause actually

19    submitted to the judge in 2020 was presumably not related to the 2019 search.

20    Thus displaying the *actual* statement of probable cause given to Debra Harris on

7

1    connection with the issuance of the 2020 search warrant would give away that the

2    warrant was (presumably) unrelated to Mr. Carasco.  Thus, the SBSD officers

3    instead removed those pages and replaced them with their earlier document—

4    probable cause for the right case, but for a different judge in a different year.

5    To date, the Government has never produced to the defense the actual statement of

6    probable cause for the 2020 Debra Harris search warrant.

7                                    **Prior Attempts**
8

9    The defense has written a series of letters to SBSD Internal Affairs raising a series

10   of allegations against the officers.  Internal Affairs has sustained nine separate

11   findings of misconduct against those officers in the instant case, and only labeled a

12   single one as unfounded (Exhibit B).  However, the defense has only received

13   "limited" information about the Internal Affairs investigation because "California

14   law restricts [Internal Affairs'] ability to disclose specific details… to the public"

15   (Exhibit B), and nothing at all about the actual conclusions and findings of the

16   Fullerton investigation, despite numerous Brady requests both before and after

17   trial.  Indeed the prosecution has confirmed that they have no intention of

18   responding to the *Brady* requests (Dkt 190 at 1-2).  Furthermore, the defense

19   recently filed California Public Record Requests, asking for information relating to

20   the SBSD officers, and was rejected (Exhibit A).

1                               **Subpoena**
2

3     As such, the defense requests that this Court issue an order pursuant to Rule 17

4     authorizing the issuance of the Subpoena compelling the production of "books,

5     papers, documents, data, or other objects". Fed. R. Crim. P. 17(c)(1). Under Rule

6     17, the party requesting the information "must make a preponderance showing that

7     the materials requested are relevant, specifically identified, admissible, and not

8     otherwise procurable by the exercise of due diligence." *United States v. Barnes*,

9     560 Fed. Appx. 36, 39-40 (2d Cir. 2014); *accord Stein*, 488 F. Supp. 2d at 365-66

10    (citing *Nixon*, 418 U.S. at 699-700, 94 S. Ct. at 3103).  Rule 17 subpoenas are not

11    restricted to pre-trial; additional relevant factors, post-trial, are that the requested

12    material must be such that, without it, "the party seeking production cannot

13    properly prepare for post-trial motions" (*United States v. Winner*, 641 F.2d 825,

14    833 10th Cir. 1981, which has also been adopted by the Ninth Circuit).

15    In this case, the defense requests the Court issue a subpoena on the San Bernardino

16    Sheriff's Department for material relating to each of the arresting SBSD officers--

17    Lt. Joshua Smith (A7276), Dep. Gaetano Nicassio (D9599), Det. Eric Rose

18    (E7442), Det. Eugean Mondragon (D3391), Dep. Amir Awad (F3069), and Det.

19    Andrew Pollick (F7810)--requesting, for each one:

9

1    1) The personnel files of the officer held by the San Bernardino Sheriff's

2        Department as they relate to Jesus Eric Carasco, including any findings of

3        misconduct;

4    2) The research, material, and conclusions involved in the sustained findings in

5        the Internal Affairs response (Exhibit B) as they relate to the requested

6        officer;

7    3) The findings of the investigation of the allegations relating to the officers

8        fabricating chain of custody documents (Exhibit B);

9    4) The reason, if applicable, for the termination of the officer, if it is related to

10       misconduct with respect to Mr. Carasco;

11   5) Any record relating to an incident in which a sustained finding was made by

12       any law enforcement agency or oversight agency involving dishonesty by

13       the officer directly relating to the reporting, investigation, or prosecution of

14       Mr. Carasco, or directly relating to the reporting of, or investigation of

15       misconduct by, another peace officer or custodial officer with respect to Mr.

16       Carasco, including but not limited to, any false statements, filing false

17       reports, destruction, falsifying, or concealing of evidence, or perjury;

18   6) Any record relating to an incident in which a sustained finding was made by

19       any law enforcement agency or oversight agency that the officer conducted

20       an unlawful search with respect to Mr. Carasco.

1    In addition, the defense requests the Court issue a subpoena on the Victorville

2    Superior Courthouse requesting the statement of probable cause, transcript, and

3    audio recording of the June 11th, 2020 (telephonically issued) Debra Harris search

4    warrant (ID # 000038580), along with confirmation of::

5        a)  the date this search warrant was issued

6        b)  the date the search was actually executed

7        c)  the date the statement of probable cause was submitted to the court

8        d)  the date written above the signature line in the statement of probable cause

9    Subpoenas are attached to this filing (Exhibit D).

10                                     ***Nixon* Standard**
11

12    These requests meet the *Nixon* standard for admissibility, specific, and not being

13    otherwise procurable.  They are directly related to the officers who formed the

14    entirety of the case against Mr. Carasco, from search warrant to trial testimony,

15    and relate to the search warrants that produced the entirety of the physical evidence

16    against Mr. Carasco; and they are narrowly tailed only to information regarding

17    actual misconduct by the officers with respect to the instant case.  The Internal

18    Affairs response has already sustained nine of Mr. Carasco's allegations of

19    misconduct and only marked a single one as unfounded; and the purported

20    probable cause appears to be related to a search over a year before the issuance of

11

1    the Debra Harris warrant, making it clear that serious misconduct occurred and so

2    there are, in fact, responsive documents to these findings.  These responses are all

3    important to the defense's ongoing (and potential future) motions, including the

4    Rule 33 motion (Dkt 184, 188).  And the defense has tried to request this

5    information with a variety of other methods--including *Brady* requests (Dkt 189,

6    190, 194, 196, 197), communications with Internal Affairs (Exhibit B), a CPRA

7    request (Exhibit A), and requests to the Victorville Courthouse--to no avail; as

8    such, they are not otherwise procurable.

9

10                                  **Conclusion**
11

12    As such, the defense respectfully requests this Court to authorize the above

13    subpoenas on the SBSD  with respect to the officers' personnel files, and the

14    Victorville Superior Courthouse with respect to the statement of probable cause for

15    the 2020 Debra Harris warrant (Exhibit D).

16                                                    Respectfully submitted,

17                                                    /s/ Jesus Eric Carasco

18

19

# Exhibits

# Exhibit A (CPRA)

1) CPRA response
2) 832.7 law

San Bernardino County Public Records

# A message was sent to you regarding record request #24-9280:

August 05, 2024
Law Offices of Alex R. Kessel
Re: Public Records Act request #24-9280
Dear Mr. Kessel:
The San Bernardino County Sheriff's Department ("Department") has concluded its review of your Public Records Act request.
on July 23, 2024 you modified your request as follows:
1. The reason for termination of the named deputies;
2. Misconduct (of any type included in our request) by the named deputies with regard to Jesse Carasco and/or U.S.A. v. Jesse Carasco, Case No. 19-CR-00169, specifically with regard to any Internal Affairs documents and/or decisions.
3. Reports and/or internal affairs memoranda of investigation conducted on the named deputies for fabrication and false statements in police reports and affidavits in support of search warrants obtained during the investigation of Jesse Carasco. See attached letter from Internal Affairs indicating a prior investigation.
Please be advised that Personnel files are exempt from disclosure pursuant to Government Code sections 7927.700 and 7927.705. Government Code section 7927.700 exempts from disclosure "personnel, medical or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy." Government code section 7927.705 precludes the release of records which are exempt from disclosure under federal or state law. Additionally, Penal Code Section 832.7 states that peace officer personnel records and information contained within them are privileged and confidential, with limited exceptions.

2

**After a thorough and diligent search, the Department has determined it does not possess records of a type that are disclosable under Penal Code section 832.7.**

Sincerely,

San Bernardino County Sheriff's Department

**View Request 24-9280**

https://sanbernardinocounty.nextrequest.com/requests/24-9280



help page

3

**PENAL CODE - PEN**
   **PART 2. OF CRIMINAL PROCEDURE [681 - 1620]**  *( Part 2 enacted 1872. )*
      **TITLE 3. ADDITIONAL PROVISIONS REGARDING CRIMINAL PROCEDURE [777 - 883]**  *( Heading
of Title 3 amended by Stats. 1951, Ch. 1674. )*


**CHAPTER 4.5. Peace Officers [830 - 832.18]**  *( Chapter 4.5 added by Stats. 1968, Ch. 1222. )*

**832.7.**  (a) Except as provided in subdivision (b), the personnel records of peace officers and
custodial officers and records maintained by a state or local agency pursuant to Section 832.5, or
information obtained from these records, are confidential and shall not be disclosed in any
criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the
Evidence Code. This section does not apply to investigations or proceedings concerning the
conduct of peace officers or custodial officers, or an agency or department that employs those
officers, conducted by a grand jury, a district attorney's office, the Attorney General's office, or
the Commission on Peace Officer Standards and Training.

(b) (1) Notwithstanding subdivision (a), Section 7923.600 of the Government Code, or any other
law, the following peace officer or custodial officer personnel records and records maintained by a
state or local agency shall not be confidential and shall be made available for public inspection
pursuant to the California Public Records Act (Division 10 (commencing with Section 7920.000)
of Title 1 of the Government Code):

   (A) A record relating to the report, investigation, or findings of any of the following:

      (i) An incident involving the discharge of a firearm at a person by a peace officer or
      custodial officer.

      (ii) An incident involving the use of force against a person by a peace officer or custodial
      officer that resulted in death or in great bodily injury.

      (iii) A sustained finding involving a complaint that alleges unreasonable or excessive
      force.

      (iv) A sustained finding that an officer failed to intervene against another officer using
      force that is clearly unreasonable or excessive.

   (B) (i) Any record relating to an incident in which a sustained finding was made by any law
   enforcement agency or oversight agency that a peace officer or custodial officer engaged in
   sexual assault involving a member of the public.

      (ii) As used in this subparagraph, "sexual assault" means the commission or attempted
      initiation of a sexual act with a member of the public by means of force, threat, coercion,
      extortion, offer of leniency or other official favor, or under the color of authority. For
      purposes of this definition, the propositioning for or commission of any sexual act while
      on duty is considered a sexual assault.

      (iii) As used in this subparagraph, "member of the public" means any person not
      employed by the officer's employing agency and includes any participant in a cadet,
      explorer, or other youth program affiliated with the agency.

   (C)  Any record relating to an incident in which a sustained finding was made by any law
   enforcement agency or oversight agency involving dishonesty by a peace officer or custodial
   officer directly relating to the reporting, investigation, or prosecution of a crime, or directly
   relating to the reporting of, or investigation of misconduct by, another peace officer or
   custodial officer, including, but not limited to, any false statements, filing false reports,
   destruction, falsifying, or concealing of evidence, or perjury.

(D) Any record relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency that a peace officer or custodial officer engaged in conduct including, but not limited to, verbal statements, writings, online posts, recordings, and gestures, involving prejudice or discrimination against a person on the basis of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status.

(E) Any record relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency that the peace officer made an unlawful arrest or conducted an unlawful search.

(2) Records that are subject to disclosure under clause (iii) or (iv) of subparagraph (A) of paragraph (1), or under subparagraph (D) or (E) of paragraph (1), relating to an incident that occurs before January 1, 2022, shall not be subject to the time limitations in paragraph (11) until January 1, 2023.

(3) Records that shall be released pursuant to this subdivision include all investigative reports; photographic, audio, and video evidence; transcripts or recordings of interviews; autopsy reports; all materials compiled and presented for review to the district attorney or to any person or body charged with determining whether to file criminal charges against an officer in connection with an incident, whether the officer's action was consistent with law and agency policy for purposes of discipline or administrative action, or what discipline to impose or corrective action to take; documents setting forth findings or recommended findings; and copies of disciplinary records relating to the incident, including any letters of intent to impose discipline, any documents reflecting modifications of discipline due to the Skelly or grievance process, and letters indicating final imposition of discipline or other documentation reflecting implementation of corrective action. Records that shall be released pursuant to this subdivision also include records relating to an incident specified in paragraph (1) in which the peace officer or custodial officer resigned before the law enforcement agency or oversight agency concluded its investigation into the alleged incident.

(4) A record from a separate and prior investigation or assessment of a separate incident shall not be released unless it is independently subject to disclosure pursuant to this subdivision.

(5) If an investigation or incident involves multiple officers, information about allegations of misconduct by, or the analysis or disposition of an investigation of, an officer shall not be released pursuant to subparagraph (B), (C), (D), or (E) of paragraph (1), unless it relates to a sustained finding regarding that officer that is itself subject to disclosure pursuant to this section. However, factual information about that action of an officer during an incident, or the statements of an officer about an incident, shall be released if they are relevant to a finding against another officer that is subject to release pursuant to subparagraph (B), (C), (D), or (E) of paragraph (1).

(6) An agency shall redact a record disclosed pursuant to this section only for any of the following purposes:

(A) To remove personal data or information, such as a home address, telephone number, or identities of family members, other than the names and work-related information of peace and custodial officers.

(B) To preserve the anonymity of whistleblowers, complainants, victims, and witnesses.

(C) To protect confidential medical, financial, or other information of which disclosure is specifically prohibited by federal law or would cause an unwarranted invasion of personal

privacy that clearly outweighs the strong public interest in records about possible
misconduct and use of force by peace officers and custodial officers.

(D) Where there is a specific, articulable, and particularized reason to believe that disclosure
of the record would pose a significant danger to the physical safety of the peace officer,
custodial officer, or another person.

(7) Notwithstanding paragraph (6), an agency may redact a record disclosed pursuant to this
section, including personal identifying information, where, on the facts of the particular case,
the public interest served by not disclosing the information clearly outweighs the public interest
served by disclosure of the information.

(8) An agency may withhold a record of an incident described in paragraph (1) that is the
subject of an active criminal or administrative investigation, in accordance with any of the
following:

(A) (i) During an active criminal investigation, disclosure may be delayed for up to 60 days
from the date the misconduct or use of force occurred or until the district attorney
determines whether to file criminal charges related to the misconduct or use of force,
whichever occurs sooner. If an agency delays disclosure pursuant to this clause, the agency
shall provide, in writing, the specific basis for the agency's determination that the interest in
delaying disclosure clearly outweighs the public interest in disclosure. This writing shall
include the estimated date for disclosure of the withheld information.

(ii) After 60 days from the misconduct or use of force, the agency may continue to delay
the disclosure of records or information if the disclosure could reasonably be expected to
interfere with a criminal enforcement proceeding against an officer who engaged in
misconduct or used the force. If an agency delays disclosure pursuant to this clause, the
agency shall, at 180-day intervals as necessary, provide, in writing, the specific basis for
the agency's determination that disclosure could reasonably be expected to interfere with
a criminal enforcement proceeding. The writing shall include the estimated date for the
disclosure of the withheld information. Information withheld by the agency shall be
disclosed when the specific basis for withholding is resolved, when the investigation or
proceeding is no longer active, or by no later than 18 months after the date of the
incident, whichever occurs sooner.

(iii) After 60 days from the misconduct or use of force, the agency may continue to delay
the disclosure of records or information if the disclosure could reasonably be expected to
interfere with a criminal enforcement proceeding against someone other than the officer
who engaged in the misconduct or used the force. If an agency delays disclosure under
this clause, the agency shall, at 180-day intervals, provide, in writing, the specific basis
why disclosure could reasonably be expected to interfere with a criminal enforcement
proceeding, and shall provide an estimated date for the disclosure of the withheld
information. Information withheld by the agency shall be disclosed when the specific
basis for withholding is resolved, when the investigation or proceeding is no longer
active, or by no later than 18 months after the date of the incident, whichever occurs
sooner, unless extraordinary circumstances warrant continued delay due to the ongoing
criminal investigation or proceeding. In that case, the agency must show by clear and
convincing evidence that the interest in preventing prejudice to the active and ongoing
criminal investigation or proceeding outweighs the public interest in prompt disclosure of
records about misconduct or use of force by peace officers and custodial officers. The
agency shall release all information subject to disclosure that does not cause substantial
prejudice, including any documents that have otherwise become available.

(iv) In an action to compel disclosure brought pursuant to Section 7923.000 of the Government Code, an agency may justify delay by filing an application to seal the basis for withholding, in accordance with Rule 2.550 of the California Rules of Court, or any successor rule, if disclosure of the written basis itself would impact a privilege or compromise a pending investigation.

(B) If criminal charges are filed related to the incident in which misconduct occurred or force was used, the agency may delay the disclosure of records or information until a verdict on those charges is returned at trial or, if a plea of guilty or no contest is entered, the time to withdraw the plea pursuant to Section 1018.

(C) During an administrative investigation into an incident described in paragraph (1), the agency may delay the disclosure of records or information until the investigating agency determines whether the misconduct or use of force violated a law or agency policy, but no longer than 180 days after the date of the employing agency's discovery of the misconduct or use of force, or allegation of misconduct or use of force, by a person authorized to initiate an investigation.

(9) A record of a complaint, or the investigations, findings, or dispositions of that complaint, shall not be released pursuant to this section if the complaint is frivolous, as defined in Section 128.5 of the Code of Civil Procedure, or if the complaint is unfounded.

(10) The cost of copies of records subject to disclosure pursuant to this subdivision that are made available upon the payment of fees covering direct costs of duplication pursuant to subdivision (a) of Section 7922.530 of the Government Code shall not include the costs of searching for, editing, or redacting the records.

(11) Except to the extent temporary withholding for a longer period is permitted pursuant to paragraph (8), records subject to disclosure under this subdivision shall be provided at the earliest possible time and no later than 45 days from the date of a request for their disclosure.

(12) (A) For purposes of releasing records pursuant to this subdivision, the lawyer-client privilege does not prohibit the disclosure of either of the following:

(i) Factual information provided by the public entity to its attorney or factual information discovered in any investigation conducted by, or on behalf of, the public entity's attorney.

(ii) Billing records related to the work done by the attorney so long as the records do not relate to active and ongoing litigation and do not disclose information for the purpose of legal consultation between the public entity and its attorney.

(B) This paragraph does not prohibit the public entity from asserting that a record or information within the record is exempted or prohibited from disclosure pursuant to any other federal or state law.

(c) Notwithstanding subdivisions (a) and (b), a department or agency shall release to the complaining party a copy of the complaining party's own statements at the time the complaint is filed.

(d) Notwithstanding subdivisions (a) and (b), a department or agency that employs peace or custodial officers may disseminate data regarding the number, type, or disposition of complaints (sustained, not sustained, exonerated, or unfounded) made against its officers if that information is in a form which does not identify the individuals involved.

(e) Notwithstanding subdivisions (a) and (b), a department or agency that employs peace or custodial officers may release factual information concerning a disciplinary investigation if the officer who is the subject of the disciplinary investigation, or the officer's agent or representative,

publicly makes a statement they know to be false concerning the investigation or the imposition of disciplinary action. Information may not be disclosed by the peace or custodial officer's employer unless the false statement was published by an established medium of communication, such as television, radio, or a newspaper. Disclosure of factual information by the employing agency pursuant to this subdivision is limited to facts contained in the officer's personnel file concerning the disciplinary investigation or imposition of disciplinary action that specifically refute the false statements made public by the peace or custodial officer or their agent or representative.

(f) (1) The department or agency shall provide written notification to the complaining party of the disposition of the complaint within 30 days of the disposition.

(2) The notification described in this subdivision is not conclusive or binding or admissible as evidence in any separate or subsequent action or proceeding brought before an arbitrator, court, or judge of this state or the United States.

(g) This section does not affect the discovery or disclosure of information contained in a peace or custodial officer's personnel file pursuant to Section 1043 of the Evidence Code.

(h) This section does not supersede or affect the criminal discovery process outlined in Chapter 10 (commencing with Section 1054) of Title 6 of Part 2, or the admissibility of personnel records pursuant to subdivision (a), which codifies the court decision in Pitchess v. Superior Court (1974) 11 Cal.3d 531.

(i) Nothing in this chapter is intended to limit the public's right of access as provided for in Long Beach Police Officers Association v. City of Long Beach (2014) 59 Cal.4th 59.
*(Amended by Stats. 2023, Ch. 47, Sec. 3. (AB 134) Effective July 10, 2023.)*

# Exhibit B (IA)

1) May 2021 letter to IA with 24 violations
    a. Dkt 52 SEALED #332 at 13-18
2) September 2021 letter to IA about P.E.T.S. and response
    a. Dkt 190 at 9-10
3) IA Sustained findings

# BRIEF: ADDITIONAL GROUNDS RELEVANT TO CASE

5/13/21

To: Internal Affairs of San Bernardino Sheriff Department

From: Jesus Carasco

Re: Blatant Disregard for Established Laws, Rules and Procedures by S.B.S.D

Case No: 611900025

1. The fired rounds from use of force that were utilized in detaining were not booked into evidence /property room.

In accordance with S.B.S.D Manual section 3.628.30 it states, the expanded round or rounds **shall** be collected and placed into evidence as part of the initial crime report. Now according to Nicassio's report bates # 6 the rounds were not placed into evidence nor were mentioned in his initial crime report this is also falsified and perjury.

2. Bates #26 the booking application states there were no injuries or use of force. The report is falsified. I was shot at three times out of those three rounds I was struck twice by 40mm less-lethal BIP rounds, and I was punched in the face multiple times while handcuffed.

In accordance with S.B.S.D Manual section 3.628.20 states, any person subjected to less lethal munitions **shall** when practical ,and before booking ,be transported to the hospital for examination. This was not done the report is falsified.

3. Bates #7 Deputy Nicassio states in his formal report he was driving a grey Dodge Caravan, Unit number 020603. There should be video of the use of force from vehicles involved in the operation. In accordance with S.B.S.D Manual section 2.454.

4. Bates #8 Deputy Nicassio states that he recorded my Miranda/interview with my confession. But now when asked to produce proof of a criminal offense (recording) he says he accidently deleted the audio recording nor was it ever booked into the evidence/property room at the end of the Deputy's shift as required by California State Law and Department Policy.

In accordance with S.B.S.D Manual section 2.454.40 are very specific about erasing recordings. (Deputies **shall** not erase, or cause to be erased, any audio/video tape or recording of an events that could be construed as a criminal offense, or proof of a criminal offense...)

5. Bates # 8 Deputy Nicassio also stated in his initial report "at approximately 1230 hours, S.E.D Members conducted a knock and notice at apartment 350 prior to the search warrant service."

In accordance with S.B.S.D Manual section 3.116.10 is very specific about pre-planned law enforcement actions: Department Members **shall** activate their belt recorders when participating in pre-planned law enforcement actions, including the following: The service of search warrants.

1 | P a g e

This was also not done, it defies logic that seven highly trained Deputy's from (SWAT) failed to activate their belt recorders and/or body cameras.

6. Bates # 8 Deputy Nicassio also states in his initial report, "during a search of the master bedroom I located a black polymer80 pistol in the top drawer of a cabinet in the restroom. The pistol was unloaded, with a magazine, inside the drawer." Also he states "S.E.D members located a safe inside the closet of the master bedroom." Bates # 7 Deputy Nicassio states "at approximately 1200 hours Carasco was inside his vehicle in parking structure. During a search of Carasco's vehicle Deputy Nicassio located a black handbag containing approximately $10,000 in U.S. Currency, different denomination." Now the money supposedly found in vehicle in the parking structure is seen in Bates # 42 in the apartment with safe, drugs, scales and a gun... Again this is a major concern with Deputies actions and motives.

In accordance with S.B.S.D manual section 3.142. Crime scene preservation and supervision is very clear on this matter: It is imperative that the first Deputies to arrive at any crime scene act to prevent the possibility of contamination or alteration of the crime scene and/or the physical evidence contained therein. Preservation of a crime scene includes removal of all unauthorized persons from within the perimeters of the crime scene area, including fellow Deputies. The crime scene supervisor is responsible for preserving the crime scene while ensuring that the appropriate investigation is undertaken, whether it is done by deputy himself or other investigators.

It defies logic that seven deputies from S.E.D (SWAT) involved in the arrest and search, all either failed to take photographs of the physical evidence in its original state.

Also in accordance with S.B.S.D Manual section 3.142.10 is specific on evidence collection and processing: Routine crime scene photographs and fingerprint collection should be by station personnel. Deputies are encouraged to contact the Scientific Investigations Division personnel for assistance and/or advice on the collection and preservation of fingerprint evidence as required. This was not done.

7. In accordance with S.B.S.D Manual section 3.142.15 is very clear on crime scene photographs and images: All investigative photographs **shall** be taken using Department-approved equipment and methods. When Department-approved electronic devices are used to record investigative photographs, the images **shall** be stored in a manner permitting retrieval without alteration.

Deputy Nicassio did not follow his own training expertise Bates #168 states "I have received instruction in the identification; preservation and collection of evidence, photography, latent print collection and crime scene investigations through San Bernardino County Sheriffs basic academy (2006) and subsequent classes at San Bernardino County Sheriff's Advanced Officer Training and other POST approved classes, including the writing of search warrants I have compiled information; collected evidence; interviewed victims, witnesses, and informants to support the filing of criminal complaints. Therefore Deputy Nicassio knew better to follow protocol, this only shows his misconduct to Office.

8. In accordance with S.B.S.D Manual section 3.142.20 is also specific on handling of suspected narcotics: The suspected narcotics **shall** be packaged according to department policy as set forth

ER 1371

in the Scientific Investigations Divisions evidence collection, packaging and processing guidebook. The suspected narcotics **shall** not be stored at the station level and **shall** be delivered to the Scientific Investigations Division (S.I.D.) Property/evidence unit as soon as reasonably possible. This was not done.

9. In accordance with S.B.S.D Manual section 3.280. Search warrants: In addition to the required forms and deconfliction, members **shall** notify the on-duty Watch Commander and the Dispatch Center of the jurisdiction in which the operation is being conducted and document the contact on the department operation plan. This was not done and/or is falsified.

10. Bates #4, #7, #8, #9 were the only initial crime reports written on April 15, 2019 by Deputy Nicassio, all other supplement reports were given 14 months after the fact. Now according to the initial crime reports by Deputy Nicassio there was no search warrant operation plan attached to the associated crime report as policy demands.

In accordance with S.B.S Manual section 3.280.20 Search Warrant Operation Plan: The completed Operation Plan **shall** be attached to the Associated Crime Report. This was not done.

11. In accordance with S.B.S.D Manual section 3.280.30 Search Warrant Supervisor Responsibilities: After an operation, the reviewing supervisor **shall** ensure that the completed Threat Assessment Matrix checklist and Operation Plan are included in the Associated Crime Report. Again this was not done, and/or is falsified.

12. Bates #7 Deputy Nicassio states in his initial crime report. "At approximately 1200 hours, personnel from S.E.D located Carasco inside his vehicle in the parking structure. After a short foot pursuit, Carasco was taken into custody."

In accordance with S.B.S.D Manual section 3.628.30 reporting The Use of Less Lethal Force: All discharges of less lethal munitions and the circumstances surrounding their use **shall** be documented in the initial crime report. The Supervisors Use of Force Report **shall** be completed and documented to ensure the incident is thoroughly investigated and information, statements, and evidence have been properly recorded. The expanded rounds **shall** be collected and placed into evidence as part of the initial crime report. This was not done and the report is falsified.

13. Bates #6 Evidence/Property Report, reporting Deputy Nicassio badge #D9599 states in his initial report that he booked 3 items. Item #1 Brand: PF940C Model: P88 Description: Poly Mero Inc. Item #2 Brand: Glock Description: 9mm pistol magazine. Item #3 Description: Documents located in Carasco's residence.

In accordance with S.B.S.D Manual section 4.120. Bar Coding: The Department uses a system of Bar Coding in order to track/process property and evidence. The Official Bar Code Labels **shall** be issued by the Scientific Investigations Division (SID), and **shall** not be altered.

Also there's no signature from the property officer who is the only employee authorized to introduce property into the division property room or the alternate officer. In accordance with S.B.S.D Manual section 4.215. This was not done.

14. Bates #33 Evidence/Property Report, reporting Deputy Daniel Garcia badge #E3903 states, in his initial report that he booked 4 items. Item #1 Description: 6 kilos of suspected cocaine and 21 bundled cocaine. Item #2 Description: $5,573 in cash. Item #3 Description: Two cell phones belonging to Carasco. Item #4 Description: Small blue purse. These items were also not booked with original bar code labeling, nor have a signature by Property Officer or date. As required by S.B.S.D Manual policy section 4.120 & section 4.215. In accordance with S.B.S.D Manual section 4.322. Processing controlled substance states property must be entered into (PETS).

15. Bates #4, #7, #23, reporting Officer Deputy Nicassio states in all 3 initial reports he confiscated approximately $10,000 in different denominations. In his report Bates #23 he declares Under Penalty of Perjury That the Foregoing Is True and Correct.

16. Bates #24 Deputy A. Awad badge #F3069 also states in his initial report that $10,000 in U.S. Currency was also confiscated. This was also declared Under Penalty Of Perjury Under the Laws of The State Of California That The Foregoing Is True and Correct. Bates #42 confirms $10,000 in U.S Currency in colored photograph that were taken by Deputy's for evidence. Bates #32 Deputy Daniel Garcia takes procession of the $5,573 in U.S Currency. Also in Bates #33 the money is supposedly booked into evidence, the money goes from $10,000 to $5,573. Again these reports are contradictory, and do not have original Bar Code Labeling for the Property Evidence Tracking System (PETS). Nor do they have a signature from the property Officer which also violates S.B.S.D Manual Policy and California State Law.

17. Bates #6 Deputy Nicassio states in his initial report, he books the firearm into Evidence/Property.

In accordance with S.B.S.D Manual section 4.325. Firearms-Seizing Member Responsibility: Attaching a copy of the teletype notification and AFS printout to both the report and the firearm. This also was not done. S.B.S.D Manual section 4.330. Firearm Storage- Property Officer Responsibility: When a firearm has been seized or collected and is to be stored in the division property system, the division Property Officer **shall** confirm the firearm is safe by ensuring the ammunition has been removed and the action or cylinder is secured in an open position; and that following items accompany each firearm:

- Firearm tag with bar code label.
- Automated Firearm System (AFS) printout.
- Copy of the DOJ notification indicating gun status.
- A completed CR-3.

18. Bates #163 Deputy Nicassio receives an E-Mail from On-Star stating: "As we discussed, On-Star is willing to cooperate with your Law Enforcement Agency, but requires the assistance of a Criminal Court Order Under Seal that provides (i) sufficient legal basis for providing vehicle location information during a specified time period. (Probable Cause) Bates #164 Deputy Nicassio swears under oath that the facts expressed by him in this search Warrant, Affidavit, The Attached and Incorporated Statement of Probable Cause, are true... Furthermore the search warrant also states: Proof of Affidavit having been made before me by Gaetano Nicassio, Deputy, (Affiant) that there is probable cause to believe that the property and/or person described

herein may be found at the locations set forth herein and is lawfully seizable pursuant to Penal Code Section 1524 as indicated below by "x" (s) in that:

<u>X</u> it was used as the means of committing a felony.

Bates #165 the Judge gave the command to search:

2018 Cadillac Escalade License Plate-8FLB018 Vehicle Identification Number-1GYS4KKJ6JR318405

Bates #167 Deputy Nicassio's statement of Probable Cause indicates that the Cadillac Escalade was used as the means of committing a felony. This statement is falsified, reckless disregard for the truth, and misleading information that the judge used to issue the warrant. According to the statement of probable cause Bates #167 on March 13, 2019 say's "Carasco sent a video to the victim of him shooting a 9mm handgun out of the **'vehicle'** while driving. Deputies attempted a traffic stop on a **'vehicle'** fitting the description of the suspects **'vehicle'**. A pursuit ensued and Carasco fled from the **"vehicle"** and escaped capture. After a several hour manhunt, deputies were unable to locate Carasco. Inside the **'vehicle'** deputies located two fired 9mm cartridges and ½ pound of suspected cocaine. Notice how Deputy Nicassio uses the word **'vehicle'**, and never gives the make or model of the **'vehicle'"**. This is disturbing because the vehicle that was involved in the reports in S.B.S.C. case no. FSB19001866 on March 13, 2019 indicates that it was a **BMW** with License Plate (8DGV496) 2018 Utility (SUV) registered to Tumasyan Sarkis. The two 9mm FCCS and the drugs that they supposedly found are in the **BMW** according to Bates #183-184 not a Cadillac Escalade. All these actions by Deputy Nicassio are evil, corrupt, and show misconduct on his Oath to Office to Protect and Uphold the Constitution.

19. Bates #42-48 Photographs: In accordance with Department Policies and California State Law require that all evidence; guns, money, drugs, photographs, and other items be booked by the end of the Deputy's shift. The Deputy's action in this matter violate Department Policy and California State Law.

20. Bates #205 Deputy Eric Rose states in his Supplement Report that was given 14 months after the fact, he shot me with 40mm less-lethal BIP rounds, in chest/torso. Deputy Eric Rose's statement is falsified. I was shot on back of head on the right hand side, and on my lower right side back.

21. Bates #137 Search Warrant Receipt: Deputies document only one scale was taken as an item. In Bates #42, there are two scales in the photo taken by Deputies. Now, both scales are part of a crime scene and neither are booked into the Property/Evidence room as required by California State Law and Department Policy. This was valuable information because fingerprints could have been taken for proof of a criminal offense.

22. The accuser of S.B.S.C. case no. FSB19001866 Brianna Helms filed several false reports with San Bernardino Sheriff Department, stating she was fearful for her life while on the contrary on April 24, 2019 she pays the amount of $2,000 to my lawyer Alex Kessel with her visa credit card to retain him.

23. All the recordings of use of force were never booked into the Property/Evidence room as required by California State Law and Department Policy. Again this only shows the Deputies reckless disregard for established Laws and Procedures.

24. Bates #38 Search Warrant states; YOU ARE THEREFORE COMMANDED TO SEARCH: AND TO SEIZE IT IF FOUND and bring it before me, or this court, at the courthouse of this court. According to the discovery there was a total of 5 kilos of heroin and 3 ½ kilos of cocaine, one gun, $10,000 in cash, and in Bates #42 there's two scales. Now as required by the Judge and California State Law, these items were supposed to be brought before the Magistrate Judge Lisa Rogan within 10 days according to California Penal Code 1534. This was not done.

All the above mentioned were not followed or done as policy, California State Law and the Constitution demands. However what is clear is that these seven highly trained S.E.D (SWAT) Deputies actions were evil and corrupt. Most of the mentioned above are contradictories and falsified.

San Bernardino Deputies who assisted in the arrest of Jesus Carasco

LT. Joshua Smith-A7276

Det. Eric Rose-E7442

Det. Eugean Mondragon-D3391

Dep. Amir Awad-F3069

Dep. Adam Duncan-E3898

Dep. Andrew Pollick-F7810

Dep. Gaetano Nicassio-D9599

Cc: Jesus Carasco

Cc: Calvary Chapel Golden Springs

Cc: United States of America

Sincerely,

/s/ Jesus Carasco

ER 1375

## ATT: INTERNAL AFFAIRS OF SAN BERNARDINO SHERIFF DEPARTMENT

**From: Carasco, Jesus- Booking number # 2100001251**
Santa Ana City Jail
PO BOX 2203
Santa Ana, CA 92702

September 5th, 2021
**To:** Sergeant Lopez
From: Jesus Carasco
Re: Case No: 611900025

Dear Mr. Lopez

    Please find enclosed documents that were provided by deputy Gaetano Nicassio #D9599 to the AUSA Andrew Beshai regarding P.E.T.S. Deputy was asked by federal prosecutor to produce chain of custody for evidence that was confiscated, specifically drugs, money, and gun. These documents look fabricated. Please if possible look into them they don't match up with other ones that were produced by Highland Sheriff Department. Smells and looks fishy.....

                            Respectfully

                            Jesus Carasco

Exhibit J1

 

SHANNON D. DICUS, SHERIFF-CORONER

October 11, 2021

Jesus Carasco
Booking 2100001251
P.O. Box 2203
Santa Ana, CA 92702

Dear Mr. Carasco,

Your Civilian Complaint dated September 5, 2021, has been received by the San
Bernardino County Sheriff's Department Internal Affairs Division. Your
complaint is currently being investigated. After reviewing your letter, I cannot
identify any new allegations that the Sheriff's Department is not already
investigating.

If you believe a Sheriff's Department employee has committed some form of
misconduct that has not been previously investigated, please contact me to discuss
those issues with you.

If you have additional information, contact me at the Internal Affairs Division at
(909) 387-3726.

Sincerely,

**SHANNON D. DICUS, SHERIFF-CORONER**

By: Larry Lopez, Sergeant
    Internal Affairs Division

SDD:ll

Exhibit J2

SAN BERNARDINO
**COUNTY**

JOHN McMAHON, SHERIFF-CORONER

July 27, 2022

Jesus Carasco Booking # 2000000309
C/O Santa Ana Jail
P.O. Box 22003
Santa Ana, CA 92701

Dear Mr. Carasco:

Thank you for bringing your concerns to our attention. The Department has conducted a thorough investigation regarding your recent complaint and the Bureau Deputy Chief has reviewed it. California law restricts our ability to disclose specific details of personnel investigations. Due to such legal restrictions, the Department is limited to providing members of the public with only the following determinations specific to their matters.

The allegation addressed in the civilian complaint that Lieutenant Smith, Corporal Rose, and Corporal Awad failed to ensure that you received a pre-booking medical examination after the use of a less-lethal munition has been deemed **"Sustained."**

The allegation addressed in the civilian complaint that Lieutenant Smith and Deputy Nicassio failed to ensure an operations plan was attached to Deputy Report 611900025 has been deemed **"Sustained."**

The allegation addressed in the civilian complaint that Corporal Rose failed to collect expended Blunt Impact Projectile (BIP) rounds as evidence has been deemed **"Sustained."**

The allegation addressed in the civilian complaint that Corporal Mondragon failed to submit a copy of his audio belt recording into evidence has been deemed **"Sustained."**

The allegation addressed in the civilian complaint that Corporal Awad failed to document your injuries on your booking application has been deemed **"Sustained."**

**July 27, 2022**
**CARASCO, Jesus**
**Page 2**

The allegation addressed in the civilian complaint that Deputy Pollick failed to
complete and submit a search warrant return within 10 days has been deemed
**"Sustained."**

The allegation addressed in the civilian complaint that Deputy Nicassio failed to
submit his audio belt recording of your Miranda interview into evidence has been
deemed **"Sustained."**

The allegation addressed in the civilian complaint that Deputy Nicassio used
profanity during your arrest has been deemed **"Sustained."**

The allegation addressed in the civilian complaint that Deputy Nicassio failed to
submit seized ammunition into evidence has been deemed **"Sustained."** This is
defined as, "The investigation disclosed sufficient evidence to prove the truth of
the allegation in the complaint by preponderance of the evidence."

Your allegation that Lieutenant Smith, Corporal Rose, Corporal Mondragon,
Corporal Awad, Deputy Pollick, Deputy Duncan, and Deputy Nicassio stole
approximately $5,000 from you has been **"Unfounded."** This is defined as, "The
investigation clearly established that the allegation is not true."

Sincerely,

**SHANNON D. DICUS, SHERIFF-CORONER**

By: Michael Walker, Lieutenant
    Internal Affairs Division
    (909) 387-3726

**SDD:MW:rs**

909.884-0156

# Exhibit C (Warrants)

1) Debra Harris warrant
   a. Bates 138
2) June 2020 emails to courthouse to get warrant issued
   a. Bates 233-235

8/12/2021                                    Mail - Nicassio, Gaetano - Outlook

**Fwd: Warrant Request Received**

Pollick, Andrew <apollick@SBCSD.ORG>
Thu 8/12/2021 1:02 PM
**To:** Nicassio, Gaetano <gnicassio@SBCSD.ORG>

Respectfully,
Deputy Andrew Pollick
San Bernardino County Sheriff's Department Specialized Enforcement Division/ S.W.A.T.
(909) 453-9911

**From:** CourtWarrant@sb-court.org <CourtWarrant@sb-court.org>
**Sent:** Thursday, June 11, 2020 9:13:48 AM
**To:** Pollick, Andrew <apollick@SBCSD.ORG>
**Subject:** Warrant Request Received

Your warrant submission has been processed by the server and the on-call judge has been alerted.  You
will receive another notification once the on-call judge accesses the warrant. Warrant ID: 000038580

CARASCO_000233

**Fwd: Warrant Request In Process**

Pollick, Andrew <apollick@SBCSD.ORG>
Thu 8/12/2021 1:02 PM
To: Nicassio, Gaetano <gnicassio@SBCSD.ORG>

Respectfully,
Deputy Andrew Pollick
San Bernardino County Sheriff's Department Specialized Enforcement Division/ S.W.A.T.
(909) 453-9911

_____

**From:** CourtWarrant@sb-court.org <CourtWarrant@sb-court.org>
**Sent:** Thursday, June 11, 2020 9:14:42 AM
**To:** Pollick, Andrew <apollick@SBCSD.ORG>
**Subject:** Warrant Request In Process

Your warrant submission has been accessed by the on-call judge. The judge should contact you soon at
the phone number you provided. Warrant ID: 000038580

CARASCO_000234

8/12/2021                                    Mail - Nicassio, Gaetano - Outlook

**Fwd: Electronic Warrant**

Pollick, Andrew <apollick@SBCSD.ORG>
Thu 8/12/2021 1:02 PM
To: Nicassio, Gaetano <gnicassio@SBCSD.ORG>

Respectfully,
Deputy Andrew Pollick
San Bernardino County Sheriff's Department Specialized Enforcement Division/ S.W.A.T.
(909) 453-9911

---

**From:** CourtWarrant@sb-court.org <CourtWarrant@sb-court.org>
**Sent:** Thursday, June 11, 2020 9:15:46 AM
**To:** Pollick, Andrew <apollick@SBCSD.ORG>
**Subject:** Electronic Warrant

The warrant you submitted has been completed. You may view the warrant by accessing the Electronic
Warrant Download website. Use the following Download Code:

UMPPPKJFXU

The Download Code will expire on 06/13/2020 at 09:15

CARASCO_000235

**WARRANT NOTES**

VVSW 20-1275

(No Notes)

County of San Bernardino.

The people of the State of California to any peace officer in the County of San Bernardino:

Proof, by affidavit, having been this day made before me by telephone by the officer whose signature is affixed to the affidavit, that there is probable cause for believing that evidence tending to show that a felony (or felonies) has or have been committed, you are therefore commanded to make search on the person and/or property set forth in the description page and/or affidavit, which is incorporated by reference herein; and, in the case of a thing or things or personal property, if you find the same or any part thereof, to bring the thing or things or personal property forthwith before me at the courthouse of this Court.

Given under my hand, and issued at 09:14 on this 11th day of June, 2020

Hobbs Sealing Approved:    **NO**          Night Service Approved:    **NO**

Judge Debra Harris

**Warrant ID: 000038580**

**END OF WARRANT**

CARASCO_000138

# Exhibit D (Subpoenas)

1) Lt. Joshua Smith (A7276)
2) Dep. Gaetano Nicassio (D9599)
3) Det. Eric Rose (E7442)
4) Det. Eugean Mondragon (D3391)
5) Dep. Amir Awad (F3069)
6) Det. Andrew Pollick (F7810)
7) Victorville Superior Court

Attorney's Name, Address & Phone:

Jesus Eric Carasco, Pro-Se
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America | PLAINTIFF | **CASE NUMBER** |
| v. | | 8:19-cr-000196-JVS |
| Jesus Eric Carasco | | |
| | DEFENDANT(S) | **SUBPOENA IN A CRIMINAL CASE** |

TO: San Bernardino Sheriff's Department, 655 E 3rd Street, San Bernardino, CA, 92415

☐ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: 411 W 4th Street #1053, Santa Ana, CA 92701 , Courtroom: 10C

Date: September 15th, 2024 , Time: 5:00pm .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

[See attached filing for details.]
For Lt. Joshua Smith (A7276), please provide:

1) The personnel files of the officer held by the San Bernardino Sheriff's Department as they relate to Jesus Eric Carasco, including any findings of misconduct;
2) The research, material, and conclusions involved in the sustained findings in the Internal Affairs response (Exhibit B) as they relate to the requested officer;
3) The findings of the investigation of the allegations relating to the officers fabricating chain of custody documents (Exhibit B);
4) The reason, if applicable, for the termination of the officer, if it is related to misconduct with respect to Mr. Carasco;
5) Any record relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency involving dishonesty by the officer directly relating to the reporting, investigation, or prosecution of Mr. Carasco, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer with respect to Mr. Carasco, including but not limited to, any false statements, filing false reports, destruction, falsifying, or concealing of

Brian D. Karth, Clerk of Court                              Date

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **Received by Server** | | |
| **Served** | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| San Bernardino Sheriff's Department | ☐ Yes  ☐ No Amount $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
             *Date*                              *Signature of Server*

Address of Server: _____

_____

ADDITIONAL INFORMATION

Attorney's Name, Address & Phone:

Jesus Eric Carasco, Pro-Se
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | |
|---|---|
| PLAINTIFF | CASE NUMBER |
| v. | 8:19-cr-000196-JVS |
| Jesus Eric Carasco | |
| | **SUBPOENA IN A CRIMINAL CASE** |
| DEFENDANT(S) | |

TO: San Bernardino Sheriff's Department, 655 E 3rd Street, San Bernardino, CA, 92415

☐ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: 411 W 4th Street #1053, Santa Ana, CA 92701 , Courtroom: 10C

Date: September 15th, 2024 , Time: 5:00pm .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

[See attached filing for details.]
For Dep. Gaetano Nicassio (D9599), please provide:

1) The personnel files of the officer held by the San Bernardino Sheriff's Department as they relate to Jesus Eric Carasco, including any findings of misconduct;
2) The research, material, and conclusions involved in the sustained findings in the Internal Affairs response (Exhibit B) as they relate to the requested officer;
3) The findings of the investigation of the allegations relating to the officers fabricating chain of custody documents (Exhibit B);
4) The reason, if applicable, for the termination of the officer, if it is related to misconduct with respect to Mr. Carasco;
5) Any record relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency involving dishonesty by the officer directly relating to the reporting, investigation, or prosecution of Mr. Carasco, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer with respect to Mr. Carasco, including but not limited to, any false statements, filing false reports, destruction, falsifying, or concealing of █

Brian D. Karth, Clerk of Court

Date

| PROOF OF SERVICE | | |
|---|---|---|
| **Received by Server** | DATE | PLACE |
| **Served** | DATE | PLACE |

| SERVED ON (PRINT NAME)<br>San Bernardino Sheriff's Department | FEES AND MILEAGE TENDERED TO WITNESS<br><br>☐ Yes  ☐ No Amount $ _____ |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.


Executed on _____    _____
                *Date*                               *Signature of Server*

Address of Server: _____

_____

ADDITIONAL INFORMATION

Attorney's Name, Address & Phone:

Jesus Eric Carasco, Pro-Se
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER |
|---|---|---|
| | PLAINTIFF | 8:19-cr-000196-JVS |
| v. | | |
| Jesus Eric Carasco | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S) | |

TO: San Bernardino Sheriff's Department, 655 E 3rd Street, San Bernardino, CA, 92415

☐ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: 411 W 4th Street #1053, Santa Ana, CA 92701 , Courtroom: 10C

Date: September 15th, 2024 , Time: 5:00pm .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

[See attached filing for details.]
For Det. Eric Rose (E7442), please provide:

1) The personnel files of the officer held by the San Bernardino Sheriff's Department as they relate to Jesus Eric Carasco, including any findings of misconduct;
2) The research, material, and conclusions involved in the sustained findings in the Internal Affairs response (Exhibit B) as they relate to the requested officer;
3) The findings of the investigation of the allegations relating to the officers fabricating chain of custody documents (Exhibit B);
4) The reason, if applicable, for the termination of the officer, if it is related to misconduct with respect to Mr. Carasco;
5) Any record relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency involving dishonesty by the officer directly relating to the reporting, investigation, or prosecution of Mr. Carasco, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer with respect to Mr. Carasco, including but not limited to, any false statements, filing false reports, destruction, falsifying, or concealing of

_Brian D. Karth, Clerk of Court_                                    Date

| PROOF OF SERVICE | | |
|---|---|---|
| **Received by Server** | DATE | PLACE |
| **Served** | DATE | PLACE |

| SERVED ON (PRINT NAME)<br>San Bernardino Sheriff's Department | FEES AND MILEAGE TENDERED TO WITNESS<br><br>☐ Yes  ☐ No  Amount $ _____ |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.


Executed on _____       _____
             *Date*                                *Signature of Server*

Address of Server: _____

_____

ADDITIONAL INFORMATION

Attorney's Name, Address & Phone:

Jesus Eric Carasco, Pro-Se
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | |
|---|---|---|
| | PLAINTIFF | CASE NUMBER |
| v. | | 8:19-cr-000196-JVS |
| Jesus Eric Carasco | | |
| | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S) | |

TO: San Bernardino Sheriff's Department, 655 E 3rd Street, San Bernardino, CA, 92415

☐ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: 411 W 4th Street #1053, Santa Ana, CA 92701 _____, Courtroom: 10C

Date: September 15th, 2024 , Time: 5:00pm .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

[See attached filing for details.]
For Det. Eugean Mondragon (D3391), please provide:

1) The personnel files of the officer held by the San Bernardino Sheriff's Department as they relate to Jesus Eric Carasco, including any findings of misconduct;
2) The research, material, and conclusions involved in the sustained findings in the Internal Affairs response (Exhibit B) as they relate to the requested officer;
3) The findings of the investigation of the allegations relating to the officers fabricating chain of custody documents (Exhibit B);
4) The reason, if applicable, for the termination of the officer, if it is related to misconduct with respect to Mr. Carasco;
5) Any record relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency involving dishonesty by the officer directly relating to the reporting, investigation, or prosecution of Mr. Carasco, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer with respect to Mr. Carasco, including but not limited to, any false statements, filing false reports, destruction, falsifying, or concealing of

_Brian D. Karth_ signature

Brian D. Karth, Clerk of Court                                      Date

## PROOF OF SERVICE

| Received by Server | DATE | PLACE |
|---|---|---|
| **Served** | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| San Bernardino Sheriff's Department | ☐ Yes  ☐ No Amount $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
              *Date*                          *Signature of Server*

Address of Server: _____

_____

ADDITIONAL INFORMATION

Attorney's Name, Address & Phone:

Jesus Eric Carasco, Pro-Se
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER |
|---|---|---|
| | PLAINTIFF | 8:19-cr-000196-JVS |
| v. | | |
| Jesus Eric Carasco | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S) | |

TO: San Bernardino Sheriff's Department, 655 E 3rd Street, San Bernardino, CA, 92415

☐ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: 411 W 4th Street #1053, Santa Ana, CA 92701 , Courtroom: 10C

Date: September 15th, 2024 , Time: 5:00pm .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

[See attached filing for details.]
For Dep. Amir Awad (F3069), please provide:

1) The personnel files of the officer held by the San Bernardino Sheriff's Department as they relate to Jesus Eric Carasco, including any findings of misconduct;
2) The research, material, and conclusions involved in the sustained findings in the Internal Affairs response (Exhibit B) as they relate to the requested officer;
3) The findings of the investigation of the allegations relating to the officers fabricating chain of custody documents (Exhibit B);
4) The reason, if applicable, for the termination of the officer, if it is related to misconduct with respect to Mr. Carasco;
5) Any record relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency involving dishonesty by the officer directly relating to the reporting, investigation, or prosecution of Mr. Carasco, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer with respect to Mr. Carasco, including but not limited to, any false statements, filing false reports, destruction, falsifying, or concealing of

_Brian D. Karth_, Clerk of Court

Date

## PROOF OF SERVICE

| | | |
|---|---|---|
| **Received by Server** | DATE | PLACE |
| **Served** | DATE | PLACE |

SERVED ON (PRINT NAME)
San Bernardino Sheriff's Department

FEES AND MILEAGE TENDERED TO WITNESS

☐ Yes  ☐ No Amount $ _____

SERVED BY (PRINT NAME)

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
            *Date*                         *Signature of Server*

Address of Server: _____

_____

ADDITIONAL INFORMATION

Attorney's Name, Address & Phone:

Jesus Eric Carasco, Pro-Se
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER |
|---|---|---|
| | PLAINTIFF | 8:19-cr-000196-JVS |
| v. | | |
| Jesus Eric Carasco | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S) | |

TO: San Bernardino Sheriff's Department, 655 E 3rd Street, San Bernardino, CA, 92415

☐ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: 411 W 4th Street #1053, Santa Ana, CA 92701                    , Courtroom: 10C

Date: September 15th, 2024    , Time: 5:00pm        .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

[See attached filing for details.]
For Det. Andrew Pollick (F7810), please provide:

1) The personnel files of the officer held by the San Bernardino Sheriff's Department as they relate to Jesus Eric Carasco, including any findings of misconduct;
2) The research, material, and conclusions involved in the sustained findings in the Internal Affairs response (Exhibit B) as they relate to the requested officer;
3) The findings of the investigation of the allegations relating to the officers fabricating chain of custody documents (Exhibit B);
4) The reason, if applicable, for the termination of the officer, if it is related to misconduct with respect to Mr. Carasco;
5) Any record relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency involving dishonesty by the officer directly relating to the reporting, investigation, or prosecution of Mr. Carasco, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer with respect to Mr. Carasco, including but not limited to, any false statements, filing false reports, destruction, falsifying, or concealing of ⊞

Brian D. Karth, Clerk of Court                                            Date

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **Received by Server** | | |
| **Served** | DATE | PLACE |

SERVED ON (PRINT NAME)
San Bernardino Sheriff's Department

FEES AND MILEAGE TENDERED TO WITNESS

☐ Yes ☐ No Amount $ _____

SERVED BY (PRINT NAME)

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____

              *Date*                                  *Signature of Server*

Address of Server: _____

ADDITIONAL INFORMATION

Attorney's Name, Address & Phone:

Jesus Eric Carasco, Pro-Se
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER |
|---|---|---|
| | PLAINTIFF | 8:19-cr-000196-JVS |
| v. | | |
| Jesus Eric Carasco | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S) | |

TO: Victorville Superior Court, 14455 Civic Dr., Victorville, CA 92392

☐ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: 411 W 4th Street #1053, Santa Ana, CA 92701                , Courtroom: 10C

Date: September 15th, 2024        , Time: 5:00pm        .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):
[See attached filing for details.]

The statement of probable cause, transcript, and audio recording of the June 11th, 2020 (telephonically issued) Debra Harris search warrant (ID # 000038580), along with confirmation of:

a) the date this search warrant was issued
b) the date the search was actually executed
c) the date the statement of probable cause was submitted to the court
d) the date written above the signature line in the statement of probable cause

_Brian D. Karth_
Brian D. Karth, Clerk of Court                                    Date

| PROOF OF SERVICE | | |
|---|---|---|
| **Received by Server** | DATE | PLACE |
| **Served** | DATE | PLACE |

| SERVED ON (PRINT NAME)<br>Victorville Superior Court | FEES AND MILEAGE TENDERED TO WITNESS<br><br>☐ Yes  ☐ No Amount $ _____ |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
            *Date*                                  *Signature of Server*

Address of Server: _____

_____

ADDITIONAL INFORMATION

1                          **CERTIFICATE OF SERVICE**

2          I, Jesus Eric Carasco, am an inmate at the Metropolitan Detention Center at

3   80 29th Street in Brooklyn, NY 11232.  I am the defendant, pro-se, in the instant

4   case.

5          I hereby certify that, on August 2𝑔, 2024, I caused filing with the Court the

6   foregoing MOTION FOR AN ORDER AUTHORIZING SUBPOENAS; and I

7   placed a sealed envelope for collection and mailing via United States mail to the

8   following:

9

10          Ronald Reagan Federal Building and United States Courthouse

11          411 W 4th Street Suite 8000, Santa Ana, CA 92701

12          AUSA Nandor Kiss;

13

14          and

15

16          Ronald Reagan Federal Building and United States Courthouse

17          411 W 4th Street #1053, Santa Ana, CA 92701

18          Honorable James V. Selna

19          Courtroom 10C

20

21          This certificate is executed on August 2𝑔, 2024, in Brooklyn, NY.  I certify

22   under penalty of perjury that he foregoing is true and correct.

23

24                                                          /s/ Jesus Eric Carasco

25



Jesus Eric Carasco, #26019-112
Metropolitan Detention Center
80-29 TH Street
Brooklyn N.Y. 11232

Ronald Reagan Federal Building And United States
                              Court House

Honorable James V. Selna   Courtroom 10C
411 West 4TH Street #1053,
Santa Ana, CA 92701



RECEIVED
CLERK, U.S. DISTRICT COURT

SEP - 6 2024

CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION    BY: DEPUTY

Processing

