FILED

OCT 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50038 |
| Plaintiff-Appellee, | D.C. No. 8:19-cr-00169-JVS-1 |
| v. | |
| JESUS ERIC CARASCO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted September 11, 2024
Pasadena, California

Before: R. NELSON, MILLER, and DESAI, Circuit Judges.

Jesus Eric Carasco ("Carasco") appeals his conviction of two counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i). Carasco challenges the district court's denial of reappointment of counsel, denial of a hearing under *Franks*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*v. Delaware*, 438 U.S. 154 (1978), and reliance on his career offender status at sentencing. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. We analyze the denial of a request for the reappointment of counsel "as either a denial of a continuance or as a denial of a motion to substitute counsel." *United States v. Thompson*, 587 F.3d 1165, 1173 (9th Cir. 2009). The district court's "primary reasons for not allowing a defendant new counsel may determine which analysis to apply." *United States v. Nguyen*, 262 F.3d 998, 1001–02 (9th Cir. 2001). Here, the district court justified its denial of Carasco's request because it already granted multiple continuances and did not want to further delay trial. We thus treat the court's denial of Carasco's request for the reappointment of counsel as a denial of a continuance. *Thompson*, 587 F.3d at 1173–74.

To determine if the denial was fair and reasonable, we must consider the following factors: "[1] whether the continuance would inconvenience witnesses, the court, counsel, or the parties; [2] whether other continuances have been granted; [3] whether legitimate reasons exist for the delay; [4] whether the delay is the defendant's fault; and [5] whether a denial would prejudice the defendant." *Id.* at 1174. We review a denial of "a continuance that arguably implicates a defendant's right to counsel for abuse of discretion." *Id.* at 1171.

The district court did not abuse its discretion. A continuance would have required the district court to reschedule other trials on its docket, depriving some

litigants of a trial through the end of the year. *See United States v. Leavitt*, 608 F.2d 1290, 1293–94 (9th Cir. 1979). Moreover, this was not Carasco's first continuance—the district court previously granted three continuances at his request, delaying his trial by a year and a half. And the record shows that Carasco was the sole reason for the delay. He requested substitution of counsel several times, fired his standby counsel shortly before trial, and filed the instant request to reappoint counsel one week before trial. In light of Carasco's dilatory conduct, the district court "act[ed] within its broad discretion in denying [his request] for a continuance." *United States v. Garrett*, 179 F.3d 1143, 1147 (9th Cir. 1999) (en banc).

2.   We review the denial of a *Franks* hearing de novo. *United States v. Ritter*, 752 F.2d 435, 439 (9th Cir. 1985). A defendant seeking a *Franks* hearing must (1) allege specifically which portions of the warrant affidavit are claimed to be false; (2) contend that the false statements or omissions were deliberately or recklessly made; (3) provide a detailed offer of proof, including affidavits; (4) only challenge the veracity of the affiant; and (5) show that the challenged statements are necessary to find probable cause. *United States v. DiCesare*, 765 F.2d 890, 894–95 (9th Cir.), *amended*, 777 F.2d 543 (9th Cir. 1985).

Carasco makes only conclusory allegations that statements in the warrant affidavits are false and does not adequately explain why removal of these statements

would eliminate probable cause. *See United States v. Martinez-Garcia*, 397 F.3d 1205, 1208–09, 1217 (9th Cir. 2005). Carasco is not entitled to a *Franks* hearing.

3. Carasco waived his challenge to the length of his sentence, and we decline to review it. *See United States v. Streich*, 560 F.3d 926, 929 n.1 (9th Cir. 2009) ("An error to which one waives objection is no error at all, and leaves a court of appeals with nothing to review." (citing *United States v. Olano*, 507 U.S. 725, 732–33 (1993))); *see also United States v. Rusnak*, 981 F.3d 697, 705 (9th Cir. 2020).

**AFFIRMED.**