JESUS ERIC CARASCO, PRO SE
Register No.: 26019-112
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 8:19-CR-00169-JVS |
| Plaintiff, | **MOTION FOR PERMISSION TO SUPPLEMENT RULE 33 MOTION** |
| Vs. | |
| JESUS ERIC CARASCO, | |
| Defendant | |

## BACKGROUND

On January 17th, 2024, Mr. Carasco filed a currently pending MOTION FOR A NEW TRIAL under Rule 33 (Dkt 184, 188); here, he writes to supplement the record for that motion.

### MIRANDA AND PURPORTED CONFESSION

In an "Evidence/Property Report" written on April 16th, 2019—the day after Mr. Carasco's arrest—Dep. Gaetano Nicassio wrote (Bates 7-9, Exhibit A):

> Prior to interviewing Carasco, I read him his Miranda Warning…. Below is a summary of our digitally recorded conversation… During the interview, I questioned Carasco about the items found inside his location…. [Mr. Carasco] stated it is his apartment…. Carasco stated he sells drugs and uses [the gun found on location] for protection…. Carasco stated the safe was his.

> All the items inside the safe were his. I asked Carasco what the items were and he looked at me and said, "What do you think they are; drugs."

At trial, Dep. Nicassio testified similarly (Dkt 154 at 135-137):

> Q Did you talk to the defendant when you were both back at the [West Valley Regional] Detention Center?
>
> A: I did
>
> …
>
> Q: Do you still recall what the defendant told you?
>
> A: Yes, Sir.
>
> Q: Can you tell the jury?
>
> A: After reading Mr. Carasco his Miranda rights, I asked him about the items located inside of his apartment. He admitted to the cocaine and heroin being his…. He self-admitted that it was his apartment.

There is no recording to corroborate Dep. Nicassio's testimony about Mr. Carasco's purported confession, because, according to the officer, the recording was "deleted or erased" (Dkt 154 at 136).

## NEW EVIDENCE

After trial, Mr. Carasco was given possession of an audio recording of his arrest ('Carasco Miranda – Lt. Smith', Exhibit B). This recording contradicts Dep. Nicassio's account.

This recording reveals that a *different* officer—Lt. Smith—read Mr. Carasco his Miranda rights (as in Dkt 198); Lt. Smith continued recording for 9 more minutes, and there is no confession.

There are no recordings of Dep. Nicassio reading Mr. Carasco his Miranda rights, nor is there any recording of his purported "confession"; Dep. Nicassio claims to have conveniently "deleted or erased" it. And there are no reports written by Lt. Smith or anyone else about his Miranda reading (or any associated confession). Neither is there any chain of custody for his recording. (Yet another officer—Dep. Mondragon—claims, in the recording, to have Mirandized Mr. Carasco; once again, there are no recordings, reports, or corroboration of any sort for this spurious claim.)

And, whereas Dep. Nicassio claimed to have read Mr. Carasco his Miranda rights in the parking lot of the West Valley Detention Center, and Lt. Smith falsely claimed to the Federal Government to have given it in the Anaheim apartment's parking structure, in fact Lt. Smith read it in the Detention Center's intake, as is clear from the recording—thus happening *after* Dep. Nicassio claims to have heard a confession (for which there is no actual evidence to begin with).

## RELEVANCE

This is newly discovered evidence; Mr. Carasco was acting as his own pro-se counsel at trial, and was not given possession of this audio recording until after trial. As such the defense did not have access to this information during trial.

This purported "confession" was key to the prosecution's case against Mr. Carasco, as could be expected of a confession. In summation, they told the jury (Dkt 158 at 24-25):

> Let me turn to… the defendant's admissions. Now, you heard from Deputy Nicassio, and he told you that he interviewed the defendant, and… [t]he defendant admitted that the heroin and the cocaine in the residence were his.

But there never was any such confession; this new evidence makes it clear that Lt. Smith, not Dep. Nicassio, read Mr. Carasco his Miranda rights, and that in fact Mr. Carasco had not yet been Mirandized at the time of Dep. Nicassio's purported interview. This undermines the very foundation of Dep. Nicassio's testimony. Instead, this is yet another example of the SBSD officers falsifying evidence and the associated testimony against Mr. Carasco.

As such, Mr. Carasco hereby requests permission to supplement the existing record of his Rule 33 Motion (Dkt 184) and response (Dkt 188) with the above information.

Respectfully submitted,

/s/ Jesus Eric Carasco, pro-se

# Exhibit A: Property/Evidence Report (Bates 7-9)

**SHERIFF'S DEPARTMENT**
**COUNTY OF SAN BERNARDINO**
**CALIFORNIA**
**CA 03600**

SUPPLEMENT ☐   CASE NO. 611900025
REPORT AREA

| CODE SECTION | CRIME | | CLASSIFICATION |
|---|---|---|---|
| HS11370.1 | POSSESS DRUGS AND LOADED | | FELONY |
| VICTIM'S NAME - LAST NAME | FIRST NAME | MIDDLE NAME | (FIRM NAME IF BUSINESS) TYPEP |
| State of California | | | |
| ADDRESS | RESIDENCE | | PHONE |

**ASSIGNMENT / ARRIVAL**

On Monday, April 15, 2019, at approximately 0400 hours, I was assigned to work a special assignment with the Specialized Enforcement Division (SED), Team 2. I was wearing plain clothes, with a green pistol belt and green load bearing vest. I had my Sheriff's Department high visibility yellow cloth badge attached to the front, and "SHERIFF" written in high visibility yellow on the front and rear of my vest.

I was driving a Grey Dodge Caravan, unit number 020603. It is equipped with a forward facing solid red light in the windshield, red and blue flashing lights in the front of the vehicle, strobe flashing headlights and siren.

At approximately 1230 hours, SED personnel conducted a search warrant at 1818 S. State College Blvd, Anaheim 92806; apartment 350.

I arrived in the area at approximately 0400 hours.

**CASE INFORMATION**

On March 13, 2019, the Highland Sheriff's Station initiated a traffic stop of a suspect, which resulted in a short foot pursuit and the suspect evading officers. Specialized Enforcement Division (SED) peronnel were requested with assisting the Highland Station with the apprehension of the suspect. Deputies were able to identify the suspect who fled as Jesus Carasco, 01/28/78. Personnel from SED, along with a Rialto P.D. K-9 officer, attempted to track Carasco from his last known location. After an extensive search, deputies were unable to locate Carasco.

Carasco currently has multiple felony warrants for his arrest, extending from the U.S. Marshals Office, New York Police Department and San Bernardino Sheriff's Department. Carasco has been avoiding police detection since 2015 using different aliases.

Over the past few weeks, and an extensive investigation, personnel from SED were able to locate a possible location for Carasco at 1818 S. State College Blvd, Anaheim, apartment 350. Deputies conducted surveillance at the location and positively identified Carasco in his vehicle, a 2018 Cadillac Escalade XLT, license plate# 8FLB018. Deputies also observed Carasco coming and going from apartment 350. A search warrant was authored and on 04/15/19 and personnel from SED conducted a search warrant service at Carasco's residence.

**SEARCH WARRANT SERVICE**

At approximately 1200 hours, personnel from SED located Carasco inside his vehicle in the parking structure. After a short foot pursuit, Carasco was taken into custody. During a search of Carasco's vehicle, I located a Black handbag containing approximately $10,000 in U.S. currency, different denomination. Carasco also had two cellular telephones on his person.

| REPORTING OFFICER | DATE | REVIEWED BY | TYPED BY | ROUTED BY | DATE |
|---|---|---|---|---|---|
| Gaetano Nicassio | 04/16/2019 | Dave Mascetti | | | 04/17/2019 |
| FURTHER ACTION: ☐ YES ☐ NO | COPIES TO: ☐ Other ☐ SD/PD ☐ Detective ☐ CII ☐ Dist. Atty. ☐ Patrol | | REMARKS | | |

15-15184-401 Rev 1/83

CARASCO_000007

| | | SUPPLEMENT ☐ | CASE NO |
|---|---|---|---|
| **SHERIFF'S DEPARTMENT** <br> **COUNTY OF SAN BERNARDINO** <br> **CALIFORNIA** <br> **CA 03600** | | | 811900025 <br> REPORT AREA |

| CODE SECTION | CRIME | CLASSIFICATION |
|---|---|---|
| HS11370.1 | POSSESS DRUGS AND LOADED | FELONY |

| VICTIM'S NAME - LAST NAME | FIRST NAME | MIDDLE NAME | (FIRM NAME IF BUSINESS) TYPEP |
|---|---|---|---|
| State of California | | | |

| ADDRESS | RESIDENCE | PHONE |
|---|---|---|

Prior to the search warrant service, SED members asked Carasco if there was anyone inside his apartment. Carasco stated he was the only one and the apartment was empty. Carasco had a key to the apartment on his key ring.

At approximately 1230 hours, SED members conducted a knock and notice at apartment 350. Detective Rose knocked on the front door and identified himself and stated, "Sheriff's Department, search warrant, demand entry. After several attempts to have someone step out, SED personnel entered and secured the location.

During a search of the master bedroom, I located a Black Polymer80 Pistol in the top drawer of a cabinet in the restroom. The pistol was unloaded, with a magazine, inside the drawer.

SED members located a safe inside the closet of the master bedroom. At the time, Carasco refused to give deputies the combination to the safe. SED member were able to force access into the safe. Inside, I located 6 air sealed bindle's, approximately 12x8x3 inches in size. Based on my training and experience, the 6 bindle's appeared to be "kilos", a term used by drug traffickers to package drugs. The bindle's were stacked inside the safe. Also, I located two 1 gallon zip-lock bags containing several individually packaged bindles with a white powder substance inside; suspected cocaine.

Throughout the interior of the residence, SED personnel located packaging material, scales and other materials consistent with drug sales.

I located documents belonging to Carasco and his estranged girlfriend, J▓▓▓ D▓▓▓ T▓▓▓ inside the kitchen.

These items were seized and taken for evidence.

The bindles of suspected narcotics and money were handed over to the San Bernardino County Sheriff's Narcotics Division. Refer to their supplemental reports for any further information.

**MIRANDA / INTERVIEW- JESUS CARASCO**

Prior to interviewing Carasco, I read him his Miranda Warning from my department issued Miranda Warning Card. Carasco answered "Yes" to question number 1, understanding his rights and "Yes" to question number 2, willing to speak to me. Below is a summary of our digitally recorded conversation:

I asked Carasco why he ran from us when we contacted him. Carasco stated he was scared, he thought we were the drug cartel and were there to kill him. It wasn't until he fell the ground and we were trying to handcuff him that he realized we were deputy sheriff's.

| REPORTING OFFICER | DATE | REVIEWED BY | TYPED BY | ROUTED BY | DATE |
|---|---|---|---|---|---|
| Gaetano Nicassio | 04/16/2019 | Dave Mascetti | | | 04/17/2019 |

| FURTHER ACTION | COPIES TO | | | REMARKS |
|---|---|---|---|---|
| ☐ YES ☐ NO | ☐ Other ☐ SD/PD | ☐ Detective ☐ CII | ☐ Dist. Atty ☐ Patrol | |
| 15-15184-401 Rev. 1/83 | | | | |

CARASCO_000008

**SHERIFF'S DEPARTMENT**
**COUNTY OF SAN BERNARDINO**
**CALIFORNIA**
**CA 03600**

| SUPPLEMENT ☐ | CASE NO. 611900025 REPORT AREA |
|---|---|

| CODE SECTION | CRIME | CLASSIFICATION |
|---|---|---|
| HS11370.1 | POSSESS DRUGS AND LOADED | FELONY |

| VICTIM'S NAME - LAST NAME | FIRST NAME | MIDDLE NAME | (FIRM NAME IF BUSINESS) TYPE P |
|---|---|---|---|
| State of California | | | |

| ADDRESS | RESIDENCE | PHONE |
|---|---|---|

Carasco stated he has been on the run for the past 3 years and has been avoiding police detection by using different aliases, the latest being Jose Mendoza.

During the interview, I questioned Carasco about the items found inside his location. At first Carasco stated the apartment was not his, it was his friend's J███ G███. Then Carasco changed his story and stated it is his apartment and he has been living there for one month. I advised Carasco we located a firearm in the restroom of the master bedroom and he self admitted to it being his. Carasco stated he sells drugs and uses it for protection. He bought the gun three months ago from an unknown person. He described the gun as a 9mm pistol, black in color.

I asked Carasco about the safe inside the closet. Carasco stated the safe was his. All the items inside the safe were his. I asked Carasco what the items were and he looked at me and said, "What do you think they are; drugs". Later during the interview, Carasco admitted to the drugs being cocaine and brown powder heroin. Carasco stated he is holding the items for an unknown person and they were supposed to pick it up around 5 p.m. today. Carasco stated he makes his living by selling drugs and has been doing it for the past 7-8 years. He uses the money from his drug sells to pay for his luxurious lifestyle and gives money to J███ T███ to support herself and their two children.

Carasco admitted to all the items being his. Carasco refused to give any information about who he gets the drugs from. I asked him if there was anything else he wanted to say and he said no. This concluded our conversation.

**ARREST / BOOKING**

Carasco was handcuffed to the rear with the handcuffs double-locked. He was transported to West Valley Detention Center and booked in for his warrants, PC 29800(B) and HS 11370.1.

Due to the items seized and Carasco making statements he was going to bail out and go to Cabo San Lucas, Mexico, a Bail Declaration was authored requesting no bail. Pursuant to Penal Code section 1275.1, I requested Carasco NOT be released on bail until appearing in court to show the non-felonious source of any bail money.

**EVIDENCE**

The firearm and documents were properly packaged and placed into the evidence locker at Central Station. Refer to the attached CR3 for evidence tag numbers.

Refer to the Narcotics Division CR3 for the disposition of their evidence.

**DIGITAL PHOTOGRAPHS**

| REPORTING OFFICER | DATE | REVIEWED BY | TYPED BY | ROUTED BY | DATE |
|---|---|---|---|---|---|
| Gaetano Nicassio | 04/16/2019 | Dave Mascetti | | | 04/17/2019 |

| FURTHER ACTION | COPIES TO | | | REMARKS |
|---|---|---|---|---|
| ☐ YES ☐ NO | ☐ Other | ☐ Detective | ☐ Dist. Atty. | |
| | ☐ SD/PD | ☐ CII | ☐ Patrol | |
| 15-15184-401 Rev. 1/83 | | | | |

CARASCO_000009

## Exhibit B: Transcript of Lt. Smith Miranda (8:25-9:05)

Jesus Eric Carasco: I got hit in the head, look…

Dep. Eugean Mondragon: …Look at your… look at your fucking side, your head has no marks…

Lt. Joshua Smith: Did you Mirandize him?

Dep. Eugean Mondragon: Yeah

Lt. Joshua Smith: Ok.  Do you have a cut on…

Jesus Eric Carasco: is it really that big?

Dep. Eugean Mondragon: I mean, unless your head is always big

Jesus Eric Carasco: No, it's…

Lt. Joshua Smith: Ok, hey, Jess, listen, alright, so, I'm gonna talk to you just real quick here.  Your face has gotten a little bit messed up, ok, we had a little bit of an incident out there, there was obviously force that was used, ok?

Jesus Eric Carasco: yeah

Lt. Joshua Smith: So, right now you are under arrest for your warrants, ok, I'm just gonna Mirandize you, ok, you do…

You are under arrest.  You do have the right to an attorney.  If you cannot afford an attorney one will be appointed to you by the court free of charge before questioning.

Ok, do you understand those rights?

Jesus Eric Carasco: Yeah.

## CERTIFICATE OF SERVICE

I, Jesus Eric Carasco, am an inmate at the Metropolitan Detention Center at 80 29th Street in Brookyn, NY 11232. I am the defendant, pro-se, in the instant case.

I hereby certify that, on October 27, 2024, I caused filing with the Court the foregoing MOTION FOR PERMISSION TO SUPLEMENT RULE 33 MOTION; and I placed a sealed envelope for collection and mailing via United States mail to the following:

Ronald Reagan Federal Building and United States Courthouse
411 W 4th Street Suite 8000, Santa Ana, CA 92701
AUSA Nandor Kiss;

and

Ronald Reagan Federal Building and United States Courthouse
411 W 4th Street #1053, Santa Ana, CA 92701
Honorable James V. Selna
Courtroom 10C

This certificate is executed on October 27, 2024, in Brooklyn, NY. I certify under penalty of perjury that he foregoing is true and correct.

/s/ Jesus Eric Carasco

Retail

U.S. POSTAGE PAID
OCT 28, 2024
92701
$32.00
RDC 07
S2323Y501899-2

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

EE 399 389 128 US

CUSTOMER USE ONLY

FROM: (PLEASE PRINT) PHONE (650) 422 0746
Joe Bankman
743 Cooksey Ln
Stanford CA 94305

RECEIVED
CLERK U.S. DISTRICT COURT
OCT 31 2024
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION BY DEPUTY

DELIVERY OPTIONS (Customer Use Only)
☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) Ronald PHONE (650) 422 0746
Reagan Federal Bldg & US Courthouse
411 W 4TH STREET #1053
SANTA ANA CA
Asu c Nanoor Kiss

ZIP + 4® (U.S. ADDRESSES ONLY) 92701

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

PEEL FROM THIS CORNER

RECEIVED
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION BY DEPUTY

PAYMENT BY ACCOUNT (if applicable)
USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

ORIGIN (POSTAL SERVICE USE ONLY)
☐ 1-Day ☐ 2-Day ☐ Military ☐ DPO

| | | |
|---|---|---|
| PO ZIP Code: 94306 | Scheduled Delivery Date (MM/DD/YY): 10.30.24 | Postage: $ 32.00 |
| Date Accepted (MM/DD/YY): 10.28.24 | Scheduled Delivery Time: ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON | Insurance Fee: $ / — COD Fee: $ / |
| Time Accepted: 4:05 ☐ AM ☑ PM | 10:30 AM Delivery Fee: $ / | Return Receipt Fee: $ / — Live Animal Transportation Fee: $ / |
| Special Handling/Fragile: $ / | Sunday/Holiday Premium Fee: $ / | Total Postage & Fees: $ 32.00 |
| Weight: ☐ Flat Rate 3 lbs. ozs. | Acceptance Employee Initials: CH | |

DELIVERY (POSTAL SERVICE USE ONLY)

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| | ☐ AM ☐ PM | |

LABEL 11-B, JULY 2018 PSN 7690-02-000-9996

how2recycle.info PAPER POUCH

UNITED STATES POSTAL SERVICE®

This package is made from post-consumer waste. Please recycle - again.

Misuses may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved. This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Priority Mail Express shipments.






