JESUS ERIC CARASCO, PRO SE
Register No.: 26019-112
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

FILED

2024 NOV 12 PM 1:13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA
BY ___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: 8:19-CR-00169-JVS |
|---|---|
| Plaintiff, | **MOTION TO REQUQUEST RULING ON RULE 33 MOTION** |
| Vs. | |
| JESUS ERIC CARASCO, | |
| Defendant | |

## BACKGROUND

Jesus Eric Carasco was convicted in a jury trial in October 2021 of intent to distribute narcotics (*United States v. Jesus Eric Carasco, 8:19-cr-00169-JVS*). He appealed the verdict and sentence to the 9th circuit, and on October 18th, 2024, the appellate court affirmed the verdict (9th Circuit case #: 22-50038).

On January 17th, 2024, Mr. Carasco filed a currently pending MOTION FOR A NEW TRIAL under Rule 33 (Dkt 184, 188); here, he writes to alert the court to updates relevant to it and to respectfully request a ruling on the motion.

1

## (I)  RULE 33 MOTION

Mr. Carasco filed a Rule 33 motion requesting a new trial (Dkt 184, 188).

Federal Rule of Criminal Procedure 33 allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." The district court "is not obliged to view the evidence in the light most favorable to the verdict, and is free to weigh the evidence and evaluate for itself the credibility of the witnesses." (*United States v. Kellington, 217 F.3d 1084, 1095 9th Cir. 2000; quoting United States v. Alston, 974 F.2d 1211 9th Cir. 1992*). A Rule 33 motion may be granted should the evidence indicate that a new trial would probably result in acquittal. In the case of exceptions like constitutional violations (including *Brady* and *Giglio* violations), if the Government's failures to disclose were considered and for the sake of obstruction, or where the value of the evidence to the accused could not have escaped its notice, a new trial is required whether or not the newly discovered evidence would have changed the verdict.

As outlined below, the newly discovered evidence shows that the issuing courthouse doesn't have any transcript, audio recording, affirmation, or oath of probable cause for the issuance of the 2020 Debra Harris search warrant. As that search led to the entirety of the physical evidence for which Mr. Carasco was convicted, the necessary suppression of the evidence would have resulted in

acquittal; additionally, it is clear that the government was well aware of the clear constitutional violation. Either is sufficient to grant Mr. Carasco a new trial.

### (II) DEBRA HARRIS SEARCH WARRANT AND MISSING AFFIDAVIT OF PROBABLE CAUSE

The Rule 33 motion gives newly discovered evidence that the SBSD officers conducted an unconstitutional, warrantless search, and that the issuing courthouse does not have *any* affidavit of probable cause for the 2020 Debra Harris search warrant. This flies in the face of the Fourth Amendment to the Constitution, which states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The only search warrant presented to the defense that actually issued by any court was not issued until *fourteen months after* the narcotics and gun were seized from the apartment, by Judge Debra Harris on June 11th, 2020, and filed later that same day (Bates 138).

**WARRANT NOTES**

(No Notes)

WSW 20-1275

County of San Bernardino.

The people of the State of California to any peace officer in the County of San Bernardino:

Proof, by affidavit, having been this day made before me by telephone by the officer whose signature is affixed to the affidavit, that there is probable cause for believing that evidence tending to show that a felony (or felonies) has or have been committed, you are therefore commanded to make search on the person and/or property set forth in the description page and/or affidavit, which is incorporated by reference herein, and, in the case of a thing or things or personal property, if you find the same or any part thereof, to bring the thing or things or personal property forthwith before me at the courthouse of this Court.

Given under my hand, and issued at 09:14 on this 11th day of June, 2020

Hobbs Sealing Approved:  NO          Night Service Approved:   NO

Judge Debra Harris

Warrant ID: 000038580

**END OF WARRANT**

It cannot possibly be legal justification for the previous year's search. And, after trial, the defense discovered that the return filed with the Victorville courthouse did not contain any affidavit, transcript, oath, or even description of probable cause from the day (or even year) of issuance. The return merely appended a 2019 "STATEMENT OF PROBABLE CAUSE" purportedly intended for a different judge (Lisa Rogan); this plainly could not justify a 2020 search warrant issued by Judge Debra Harris (Bates 139-143):

**AND TO SEIZE IT IF FOUND** and bring it before me, or this court, at the courthouse of this court. This Search Warrant and incorporated Affidavit was sworn to and subscribed before me this 15th day of April, 2019. Wherefore, I find probable cause for the issuance of this Search Warrant and to issue it.

_____, NIGHT SEARCH APPROVED: ☐ YES ☒ NO
(Signature of Magistrate)
Judge of the Superior Court, High Desert Judicial District

As such, the newly discovered evidence shows that issuing courthouse does not have *any* affidavit of probable cause for the issuance of the 2020 Debra Harris warrant.

This is enough to constitutionally undermine his entire conviction. The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized" (*United States Constitution, Fourth Amendment*). The warrant justifying the 2019 search and seizure of narcotics cannot be the Lisa Rogan document, because that was not actually a search warrant issued by any court. Nor can it be the 2020 Debra Harris warrant. Warrants must describe a place "*to* be searched", not a place searched fourteen months earlier; and the supporting 'probable cause' must be given in connection with the issuance of the warrant, not written for different judge and a different year than the warrant. That warrantless search—still lacking an affidavit of probable cause--led to the collection of the *entirety* of the physical evidence for which Mr. Carasco was convicted--evidence which would therefore be rendered inadmissible. And yet, the jury was instructed, at trial, that the search warrants were valid and properly obtained, and that the associated evidence was to be considered fully by them (Dkt 154, Page ID #1154; Dkt 156, Page ID #:1355-1357; Dkt 158, Page ID #: 1551).

This was brought to the prosecution's attention numerous times; for instance, on August 3, 2021, defense counsel wrote to the Government (Dkt 184 at 30):

> I also request the Government produce the entire warrant for the signature page at Bates 138. I also request you produce the audio recordings and transcript of the telephonic warrant signed by Judge Harris on June 11, 2020, which contains the same warrant ID number as the purported warrant signed by a different judge on April 15, 2019. California Penal Code Section 1526 requires that a telephonic warrant be recorded and transcribed. Again, this all sounds and looks fishy.

This is centrally tied to an unjust conviction. It is not surprising that the defense was not given the affidavit of probable cause for the 2020 Debra Harris warrant; given that Mr. Carasco's arrest came a year earlier, the 2020 statement of probable cause would presumably not even be related to him or the narcotics that were seized. The only credible evidence even tying Mr. Carasco to the apartment were Louis Vuitton receipts with Mr. Carasco's name on them purportedly found at the apartment; but the newly discovered evidence shows that those receipts were not actually found in the apartment. Despite Dep. Nicassio's testimony at trial that he "personally... collect[ed] those receipts from the apartment" and specified the items seized "in detail," the newly discovered search warrant receipt filed with the

Victorville courthouse makes no mention of the Louis Vuitton receipts (Dkt 184 at 4-5).

And so it is not surprising that the SBSD officers did not have a search warrant when they conducted the raid in 2019—such a warrant would have needed to "particularly describ[e] the place to be searched, and the persons or things to be seized," a difficult task when the person does not own the place or the things.

### (III) SBSD MISCONDUCT AND PERJURY

Finally, the Rule 33 Motion presents a report issued post-trial where SBSD Internal Affairs sustains nine findings of misconduct by the SBSD officers in Mr. Carasco's case—falsified forms, missing Miranda rights, and false testimony at trial—which were central to Mr. Carasco's unjust conviction (Dkt 199 at 31-32).

As such, Mr. Carasco is requesting a new trial, and with it a *Franks* hearing on the 2020 Debar Harris search warrant and its (missing) affidavit of probable cause.

### DIRECT APPEAL AND REQUEST TO RULE

Mr. Carasco timely appealed his conviction. On October 18th, 2024, the 9th circuit affirmed his conviction. That direct appeal is essentially irrelevant to this Rule 33 motion.

The appeal was essentially unrelated to the pending Rule 33 motion. The direct appeal did not in *any* meaningful sense address the receipts allegedly tying Mr. Carasco to the apartment, the purported Miranda reading by Dep. Nicassio and nonexistent confession, the sustained findings of misconduct against the SBSD officers, or their associated perjury.

While the direct appeal did request a *Franks* hearing on the search warrant, it didn't even refer to the 2020 Debra Harris warrant or cite the compelling evidence which Mr. Carasco outlines at length in the Rule 33 motion. Instead, the direct appeal—lacking that newly discovered evidence—"makes only conclusory allegations that statements in the warrant are false and does not adequately explain why removal of these statements would eliminate probable cause" (Direct Appeal Dkt 74-1 at 3-4). Indeed it is clear from that statement that the direct appeal did not present the core evidence in the Rule 33 motion, because in fact there were no "statements in the warrant… [of] probable cause" to begin with.

As such, the direct appeal is essentially independent of the Rule 33 Motion.

The Rule 33 motion was filed roughly eleven months ago, and has been fully briefed, including a defense motion (Dkt 184), government reply (Dkt 187), and defense reply (Dkt 188). Mr. Carasco's direct appeal has now been denied, leading to the mandate of this case to this district court.

As such, Mr. Carasco respectfully requests that this court issue a ruling on the pending Rule 33 Motion.

                                                              Respectfully submitted,

                                                              /s/ Jesus Eric Carasco

## CERTIFICATE OF SERVICE

I, Jesus Eric Carasco, am an inmate at the Metropolitan Detention Center at 80 29th Street in Brooklyn, NY 11232. I am the defendant, pro-se, in the instant case.

I hereby certify that, on November 5, 2024, I caused filing with the Court the foregoing MOTION TO REQUEST RULING ON RULE 33 MOTION; and I placed a sealed envelope for collection and mailing via United States mail to the following:

Ronald Reagan Federal Building and United States Courthouse
411 W 4th Street #1053, Santa Ana, CA 92701
Honorable James V. Selna
Courtroom 10C

This certificate is executed on November 5, 2024, in Brooklyn, NY. I certify under penalty of perjury that he foregoing is true and correct.

/s/ Jesus Eric Carasco



Jesus Eric Carasco (Pro Se)
Reg# 26019-112
Metropolitan Detention Center
80-29TH Street
Brooklyn, N.Y. 11232

To: Honorable James V. Selna
Ronald Reagan Federal Building And
United States Court House
411 West 4TH Street #1053
Santa Ana, California 92701



Prod.

