UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 8:19-cr-00169-JVS-1 | Date | March 17, 2025 |
|---|---|---|---|

Present: The Honorable    **JAMES V SELNA, U.S. DISTRICT COURT JUDGE**

Interpreter

| Elsa Vargas | N/A | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Carasco | | NOT | | | | NOT | |

Proceedings:    [IN CHAMBERS] **Order Regarding Defendant's Ex Parte Application [182] and the Government's Motion to Dismiss Ex Parte Application [185]**

On December, 15, 2023, Defendant Jesus Eric Carasco ("Carasco") filed an Ex Parte Application, requesting that the Court "take appropriate corrective action with respect to the purported search warrants in [his] trial." (Ex Parte App., Dkt. No. 182, 1.)  In response, the Government filed a motion to dismiss Carasco's Ex Parte Application.  (Mot., Dkt. No. 185.)

The Court **DENIES** Carasco's Ex Parte Application, and **GRANTS** the Government's Motion to Dismiss the Ex Parte Application.

## I. DISCUSSION

On October 14, 2021, a jury found Carasco guilty of possessing heroin and cocaine with intent to distribute, and possessing a firearm in furtherance of a drug trafficking crime.  (Dkt. No. 95.)  On February 27, 2022, this Court sentenced Carasco to a term of 360 months imprisonment.  (Dkt. No. 116.)  On March 3, 2022, Carasco filed a notice of appeal to the Ninth Circuit.  (Dkt. No. 118.)  While his appeal was pending, Carasco filed several motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and to reconsider the Court's ruling on those motions.  (Dkt. No. 128, 168, 171.)  The Court denied these motions as premature given the pending Ninth Circuit appeal.  (Dkt. No. 162, 169, 174.)  On October 18, 2024, the Ninth Circuit affirmed Carasco's conviction.  (Dkt. No. 201; Mandate, Dkt. No. 205).

The Government argues that Carasco's Ex Parte Application is construed as another motion under 28 U.S.C. § 2255 to Vacate, Set aside, or Correct sentence, because Carasco's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

"substantive claims are the same as those made in his prior motions under 28 U.S.C. § 2255."
(Mot. at 1.)  The Court agrees that Carasco's Application is likely construed as a 28 U.S.C. §
2255 motion; therefore, the Application was filed prematurely.  "A district court should not
entertain a habeas corpus petition while there is an appeal pending in this court or in the
Supreme Court."  Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir. 1987) (emphasis in
original).  Federal prisoners are required to exhaust appellate review prior to filing a habeas
petition with the district court.  Id. at 1321.  Habeas relief is typically available within one year
from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255.  The
Supreme Court has clarified that a case becomes final for purposes of § 2255 when "a judgment
of conviction has been rendered, the availability of appeal exhausted, and the time for a petition
for certiorari elapsed or a petition for certiorari finally denied."  Griffith v. Kentucky, 479 U.S.
314, 321 (1987).  Because Carasco had an appeal pending when he filed the instant Ex Parte
Application, the Court lacks subject matter jurisdiction to consider the Application.  See USA
v. Carasco, No. 22-50038.

Alternatively, were the Ex Parte Application considered a motion for a new trial under
Rule 33, rather than a habeas corpus petition, the Court would also deny the Application.  The
Application raises the same arguments regarding the search warrants in Carasco's trail that
Carasco raised in his motion for a new trial.  (See Dkt. No. 184, 204; Ex Parte App.)  Because
the Court recently denied Carasco's motion for a new trial, it also denies Carasco's Ex Parte
Application for the same reasons.  (Order, Dkt. No. 210.)

## II.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Carasco's Ex Parte Application, and
**GRANTS** the Government's Motion to Dismiss the Ex Parte Application.

**IT IS SO ORDERED.**