UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | 8:19-cr-00169-JVS-1 |
| Date | April 3, 2025 |

Present: The Honorable **JAMES V SELNA, U.S. DISTRICT COURT JUDGE**

Interpreter

| Priscilla Deason for Elsa Vargas | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Jesus Eric Carasco | NOT | | | | NOT | | |

**Proceedings:**

## [IN CHAMBERS] Order Regarding Motions to Appoint Counsel [216]

Before the Court is Jesus Eric Carasco's ("Carasco") motion for appointment of counsel. (Mot., Dkt. No. 216.) For the following reasons, the Court **DENIES** the motion until Carasco's appeal has concluded.

### I. BACKGROUND

On March 13, 2025 and March 14, 2025, the Court ruled on Carasco's various motions for new trial and motions to compel disclosure of Brady material. (See Dkt. Nos. 209–210.) On March 25, 2025, the Court was notified that Jesus Eric Carasco ("Carasco") filed an appeal regarding his Rule 33 motions and motions to compel Brady material. (See Dkt. No. 213.) On April 2, 2025, Carasco filed the instant motion requesting appointment of counsel. (See Mot., Dkt. No. 216.) Specifically, Carasco requests counsel to assist him in preparing for an upcoming petition under 28 U.S.C. § 2255.

### II. LEGAL STANDARD

Under 18 U.S.C. § 3006A(a)(2)(B), a district court or magistrate may appoint counsel to a habeas petition "at any stage of the case if the interests of justice require." See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); 18 U.S.C. § 3006A. Absent the requirement of an evidentiary hearing, "the decision to appoint counsel is within the discretion of a district court." Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

### III. DISCUSSION

"A district court should not entertain a habeas corpus petition while there is an appeal pending in *this court or in the Supreme Court*." Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir. 1987) (emphasis in original). Federal prisoners are required to exhaust appellate review prior to filing a habeas petition with the district court. Id. at 1321. Habeas relief is typically available within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. The Supreme Court has clarified that a case becomes final for the purposes of § 2255 when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 (1987). "[B]ut until direct appellate review is exhausted the district court may not entertain a motion for habeas relief." United States v. LaFromboise, 427 F.3d 680, 686 (9th Cir. 2005).

The Court finds that the interests of justice do not, at this time, warrant an appointment of counsel. Carasco currently has an appeal pending regarding this Court's order on his motion for new trial. While Carasco has not articulated the basis for his habeas petition, his filings suggest that his habeas petition will be predicated on the same allegations of wrongdoing that supported his Rule 33 motions. To grant the motion to appoint counsel and entertain a 2255 petition while the same issues are pending appeal would, in effect, deprive the Ninth Circuit of the ability to "fully and fairly" adjudicate the new trial issue. See Feldman, 815 F.2d at 1321. Moreover, it would be imprudent to entertain a habeas petition where the disposition of Carasco's appeal "may render the habeas corpus writ unnecessary." See id. (cleaned up); see also United States v. Pirro, 104 F.3d 297, 300 (9th Cir. 1997) ("[A] section 2255 motion to vacate sentence . . . may not be entertained if there is a pending appeal in good standing, since disposition of the appeal may render the motion unnecessary."). Therefore, because Carasco has an appeal pending, the Court will not appoint counsel for him to concurrently file a petition under § 2255.[1]

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion. Carasco shall file a new motion requesting the appointment of counsel, if at all, once his current appeal has concluded.

**IT IS SO ORDERED.**

---

[1] To the extent that Carasco requests the appointment of counsel to handle his appeal of the new trial order, the Ninth Circuit is the more appropriate body to appoint counsel.